**Alice WALKER Individually and as next friend of David Michael Walker and Kimberly Walker, children, Appellant,**

**v.**

**Harry SHEAVES, Appellee.**

**No. 15421.**

Court of Civil Appeals of Texas, San Antonio.

Jan. 14, 1976.

Rehearing Denied Feb. 11, 1976.

Thomas Rocha, Jr., Rocha, Tutt & Rosenberg, San Antonio, for appellant.

George A. Rigely, Jason W. Chozick, Davis, Rigely & Fagan, Inc., San Antonio, for appellee.

KLINGEMAN, Justice.

Petitioner, Alice Walker, individually and as next friend of her children, David Michael Walker and Kimberly Walker, appeals from a judgment that she take nothing by her suit against respondent, Harry Sheaves, for arrears in child support payments. Trial was to the court without a jury, who granted respondent's motion for instructed verdict, after petitioner had rested her case.

Petitioner and respondent were divorced on March 21, 1967 in Cause No. 717162, styled *Alice Sheaves vs. Harry Sheaves,* in the Court of Domestic Relations No. 4 of Harris County, Texas. Petitioner was given custody of three minor children: David Michael, Kimberly, and Lynette. Respondent was ordered to pay $325 per month child support payments for the three children, and respondent was granted specific visitation rights with regard to the three children.

Alice Sheaves was thereafter married to Willis Walker. Respondent allegedly stopped making child support payments in 1970. Lynette Walker was married on March 14, 1974 and became 18 years of age on June 2, 1974.

Prior to June 6, 1974, Alice Walker filed a proceeding in the District Court of Bexar

County, Texas to terminate the parent-child relationship between Harry Sheaves and David Michael and Kimberly Walker; and on June 14, 1974, the court terminated the parent-child relationship between Harry Sheaves and such children. Petitioner also filed a petition seeking a judgment for past-due child support on the same day as she filed the proceedings to terminate the parent-child relationship.

On June 5, 1974, in Cause No. 717162, in the Court of Domestic Relations No. 4 of Harris County, Texas, Harry Sheaves filed a motion seeking to have Alice Walker held in contempt of court for violation of the visitation portions of the divorce decree. The Harris County Court, on July 26, 1974, overruled the motion for contempt, holding that all matters pertaining to the minor children with regard to Harry Sheaves had become moot, because Lynette Walker had been emancipated by marriage, and because the parental rights of Harry Sheaves as to David Michael and Kimberly Walker had been terminated by court order.

Petitioner's pleading on which she went to trial in the proceeding herein seeks four types of relief: (1) that respondent be held in contempt for failure to comply with the child support provisions of the divorce decree; (2) a judgment for debt for unpaid child support payments, alleged to be in the approximate amount of $15,000.00; (3) a support order under the Uniform Reciprocal Child Support Act; (4) a money judgment for necessities allegedly furnished Lynette Walker by petitioner and her husband, Willis Walker.

The trial court made extensive findings of fact and conclusions of law which we do not deem necessary to set forth in full. In general, the court found that (1) all rights, duties, and obligations arising out of the parent-child relationship between Harry Sheaves and David Michael and Kimberly Walker were terminated on June 14, 1974 by the court decree of the District Court of Bexar County, Texas; (2) all rights, duties and obligations arising out of the parent-child relationship between Harry Sheaves and Lynette Walker terminated on the date of the marriage of Lynette Walker; (3) neither Alice Walker or her husband, Willis Walker, are entitled to recover any expenditures made by them for Lynette Walker, because such expenditures were made voluntarily without any exception of reimbursement; (4) the only court having jurisdiction to hold respondent in contempt of court is the court whose order is alleged to be violated; (5) the judgment of the District Court of Harris County, Texas, in the contempt proceedings for violation of visitation rights, was res judicata of all matters and issues involved in the herein suit, and was binding and conclusive on petitioner under the doctrines of res judicata and estoppel by judgment; (6) upon termination of the parent-child relationship of David Michael and Kimberly Walker and Harry Sheaves, and the marriage of Lynette Walker, the Court of Domestic Relations No. 4 of Harris County, Texas lost jurisdiction to enforce orders previously entered by that court concerning said relationship.

Petitioner asserts two points of error: (1) the trial court erred in holding that when the parent-child relationship is terminated, the termination absolves the parent whose rights are terminated of all responsibility for past-due child support payments; (2) the court erred in holding that respondent is not responsible to petitioner or her husband for child support arrearages pertaining to Lynette Walker.

We have concluded that the trial court erred in granting respondent's motion for instructed verdict, and that this cause must be reversed. It is apparent from the trial court's findings of fact and conclusion of law, that the court regarded this proceeding as solely a contempt proceeding. As hereinbefore pointed out, in addition to seeking to hold respondent in contempt, petitioner also sought a judgment for debt for all unpaid child support payments.[1]

---

1. Petitioner also sought a support order under the Uniform Reciprocal Child Support Act, and a money judgment for necessities provided to Lynette Walker by her husband

Although neither party placed much emphasis on the provisions of Section 14.09 of the Texas Family Code, we regard the provisions thereof applicable to the herein proceeding. Section 14.09 provides as follows:

(a) Any order of the court may be enforced by contempt.

(b) A court may enforce an order for support as provided in Rule 308A of the Texas Rules of Civil Procedure or any subsequent version of the rule promulgated by the supreme court.

(c) On the motion of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10 days' notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available for the enforcement of judgments for debts.

(d) A parent may be compelled to testify fully in regard to his ability to support the child.

This statute was construed in *Harrison v. Cox,* 524 S.W.2d 387 (Tex.Civ.App.—Ft. Worth 1976, writ ref'd n. r. e.). Mr. Harrison and Mrs. Cox were divorced in the Jack County District Court on October 27, 1970. The divorce decree awarded custody of the four children to the mother, and ordered Harrison to pay $350 a month as child support for the four children. On August 22, 1974 Mrs. Cox filed a proceeding in the divorce case pursuant to Section 14.09(c) of the Family Code, alleging that Harrison had not paid child support as he had been ordered to pay it in the divorce decree, and asking that she be awarded a judgment in the amount that the court had ordered, but which had not been paid. Judgment was awarded for $9,000.00. On appeal the appellate court affirmed the judgment. Har-

rison contended on appeal, among other things, that Section 14.09(c) is only applicable in circumstances where Section 14.09(a) (contempt) would also be applicable, arguing that the two remedies are options available to the court, but neither are justified unless the other was also justified. The Court of Civil Appeals, in overruling this point, stated:

We are convinced that the purpose of Art. 14.09 was to provide courts with efficient means of enforcing the payment of child support obligations and that the Legislature intended the different remedies provided by that Statute for the collection of child support to operate independently of each other as well as concurrently. In other words, it is not necessary for the facts in a case to be such that the court would be authorized to hold the defaulting parent in contempt of court before the court could render a judgment against him for delinquent child support payments as provided for in Art. 14.09(c).

Petitioner cites and relies on *Ex Parte Hooks,* 415 S.W.2d 166 (Tex.1967), in which it was held that a court can order child support until the child reaches 18, and has the power to enforce the child support order after the child reaches the age of 18 years. This was a contempt proceeding prior to the enactment of the Texas Family Code, and involved a construction of then existing Art. 4639a, Tex.Rev.Civ.Stat.Ann., which was the source of judicial authority to make judgments concerning child support. Hooks was in arrears in child support payments of approximately $4,000.00 at the time the youngest child reached 18. His sole contention on appeal was that the district court was powerless to enforce its order after the youngest child reached 18. The Supreme Court, in discussing the statute stated:

under the record before us, petitioner and her husband are not entitled to any recovery for necessities allegedly furnished to Lynette Walker.

and herself. Petitioner concedes that during the trial she abandoned her claim for recovery under the Uniform Reciprocal Child Support Act, and under any contract theory as to the two minor children. Moreover,

The statute is in two parts. The first part empowers the court to order periodical payments until the child reaches eighteen. The enforcement provision immediately follows the grant of powers to order the support. The statute limits orders for support to the pre-eighteen period; the enforcement provision, however, contains no such limitation. Instead, the statute states that the court shall have 'full power and authority to enforce said judgments * * *.'

The Supreme Court further said:

Hook's contention infers a legislative intent that an order to pay accrued support payments would be wholly undone by the delinquent parent who, as Hooks has done, successfully persuades a judge to postpone payment of delinquent support payments until the child reaches eighteen. It would mean that a contemnor who is in jail by an order entered before a child reaches eighteen, must be discharged when the child becomes eighteen despite his continued contumacious conduct. It would mean that a delinquent parent, as a practical matter, could always escape the final payment of child support. We should cautiously attribute such reasoning to the Legislature.

In view of the provisions of Section 14.09 of the Texas Family Code, the authorities herein cited, and the record before us, we have concluded that the trial court erred in preemptorily granting an instructed verdict that petitioner take nothing by her suit.

Although we do not deem it necessary to discuss respondent's various counter points, we have concluded that the judgment in the contempt proceedings in Houston involving visitation rights is not res judicata of all matters involved in the instant suit and was not binding and conclusive on petitioner on such matters under either the doctrines of res judicata or estoppel by judgment. We have further concluded that the decree terminating the parent-child relationship between Harry Sheaves and David Michael and Kimberly Walker, did not have the effect of barring a suit for accrued unpaid child support payments against the defaulting party.

The judgment of the trial court is reversed and the cause is remanded for a new trial.