**In the Interest of W.J.S., a Minor.**

No. 14–99–00429–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 28, 2000.

Thomas J. Long, Houston, for appellants.

Kenneth D. Junck, Houston, for appellees.

Panel consists of Justices YATES, WITTIG, and FROST.

## OPINION

YATES, Justice.

This is an appeal brought by the maternal grandmother of W.J.S., a minor. In five points of error, appellant, Glenda G. Cazalas, complains the lower court erred by (1)

dismissing her motions to modify [1] and to enforce upon finding that W.J.S. had been adopted; (2) sustaining appellee's plea to the jurisdiction and special appearance; (3) overruling her motion to reduce appellee's past-due child support obligations to judgment; and (4) dismissing the motion to enforce based upon appellee's affirmative defense because no evidence was admitted in support of his defense. Because we agree that the trial court erred when it sustained appellee's plea to the jurisdiction and special appearance, we reverse and remand.

## I. Background

In 1985, when W.J.S. was two-and-a-half years old, his mother and father were divorced. The divorce decree named his mother managing conservator and his father possessory conservator; it also ordered the boy's father, the appellee in this case, to pay $300.00 per month in child support in equal, semi-monthly installments, payable on the first and fifteenth of each month. Appellee moved to Kentucky, and later, in 1993, W.J.S.'s mother moved to Louisiana, abandoning him with appellant, W.J.S.'s maternal grandmother.

In March 1998, appellant filed a motion to modify in a suit affecting the parent-child relationship ("the SAPCR suit") under the same cause number and in the same court that granted the original divorce decree. By this motion, she sought to be named the sole managing conservator of W.J.S. because his mother had "voluntarily relinquished possession and control" of W.J.S. for more than six months. She also prayed that the trial court modify the divorce decree and order appellee to pay child support "as requested above." [2] In April 1998, appellee, represented by counsel, appeared and answered by entering a

2. Although the original SAPCR suit did not so "request above" as indicated in the prayer, appellant subsequently filed a first amended SAPCR suit, in which she alleged appellee owed $73,748.71 in past-due child support, a figure which included past-due interest.

general denial wherein he also requested that appellant pay his attorneys' fees and expenses. In December 1998, appellant filed a motion for enforcement of past-due child support obligations of appellee ("the motion to enforce").

Apparently in response to having received appellant's notice of hearing on the motion to enforce, on January 4, 1999, appellee filed a document entitled "Special Appearance, Plea to the Jurisdiction, Request for Court to Decline Jurisdiction, and Original Answer." In the midst of the foregoing proceedings, appellant, after having filed her first amended SAPCR suit, filed an original petition for termination of parental rights (as to both parents) and adoption of a minor child ("the adoption proceeding"). This petition was filed in the same court, but under a new cause number.

On January 13, 1999, the trial court signed two orders granting dismissal with prejudice. One granted appellee's motion to dismiss appellant's motion to modify on the grounds that appellant had adopted W.J.S. The other order granted appellee's motion to dismiss the motion to enforce based upon lack of personal jurisdiction over appellee.

## II. The Special Appearance

■ In her second and fourth points of error, appellant complains that the trial court erred when it dismissed her motion to enforce upon finding that appellee is a resident of the Commonwealth of Kentucky. We agree.

■ The Family Code vests continuing, exclusive jurisdiction with the trial court that renders a final order in connection with a child. Tex.Fam.Code Ann. § 155.001(a) (Vernon 1995). Section 155.002 additionally provides that, subject to certain exceptions, "a court with continuing, exclusive jurisdiction retains jurisdiction over the *parties* and matters provided by this subtitle." Tex.Fam.Code Ann. § 155.002 (Vernon 1995) (emphasis added). Among

the powers the court retains is the power to "render a contempt order" against a defaulting parent and the power to "confirm the total amount of child support arrearages and render judgment for past-due child support." Tex.Fam.Code Ann. §§ 157.005(a), (b) (Vernon 1995). Put more simply, in Texas, the court that enters a support order retains jurisdiction to enforce that order, including the power to hold a non-complying party in contempt and the power to reduce accrued, unpaid child support to a money judgment which can be enforced in Texas or elsewhere. *In re Cannon*, 993 S.W.2d 354, 355 (Tex. App.—San Antonio 1999) (orig.proceeding).

Whether a court has jurisdiction over a person is a question of law. *Hotel Partners v. Craig*, 993 S.W.2d 116, 120 (Tex.App.—Dallas 1994, writ denied). When filing a special appearance, the defendant has the burden to negate all bases of personal jurisdiction. *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex.1996). Here, appellant alleged as the sole jurisdictional basis the trial court's "continuing, exclusive jurisdiction of this case as a result of prior proceedings." Unless negated by appellee, this was sufficient to confer jurisdiction on the court. *See, e.g., In Interest of Kuykendall*, 957 S.W.2d 907, 909 (Tex.App.—Texarkana 1997, no pet.) (holding father waived error where he failed to contest mother's assertion that court had jurisdiction based upon "prior proceedings" even though the prior proceeding was a registration of a Kansas judgment); *see also Garza v. Garza*, 666 S.W.2d 205, (Tex.App.—San Antonio 1983, writ ref'd n.r.e.) (Cantu, J., dissenting) (stating motion to enforce is a legal remedy, ancillary to prior proceedings).

Applying the law to the facts of this case, section 157.001(d) of the Texas Family Code allowed appellant to file the motion to enforce in the court where she did. Having done so, it then became incumbent upon appellee, under Rule 120a, to present the court with sufficient evidence to

establish it was without jurisdiction.[3] Instead, appellee's argument is that, because *he* is now a resident of Kentucky, the court which granted the divorce and ordered him to pay child support lost jurisdiction over him. *In re Cannon* presented the San Antonio Court of Appeals with a nearly identical situation. 993 S.W.2d at 355. After moving to Florida and failing to support his children for eleven years, as ordered by the parties' divorce decree, petitioner's former wife filed a motion to enforce, whereby she sought, *inter alia*, to confirm the arrearages. *Id.* After the trial court overruled the father's special appearance, he sought mandamus relief. The court of appeals, however, agreed with the lower court, holding that Mr. Cannon's "move to Florida did not affect the court's personal jurisdiction." *Id.*

This is precisely the argument appellee makes in this appeal. Because he moved to Kentucky, appellee argues that the trial court lost jurisdiction to enforce its earlier order requiring him to pay $300.00 per month for W.J.S.'s support. However, as noted above, the Family Code provides that the trial court has continuing, exclusive personal jurisdiction over the parties upon entering a final order regarding a child. Tex.Fam.Code Ann. § 155.001(a) (Vernon 1995). By failing to come forward with any evidence on this issue, appellee failed to carry his burden to negate this basis of personal jurisdiction.

Accordingly, we find that the trial court erred in dismissing this case for lack of personal jurisdiction over appellee.[4]

## III. The Motion to Enforce

■ We now turn to the issue of whether the trial court erred by failing to enter judgment on the arrears.[5] First, appellant's adoption of W.J.S. does not necessarily foreclose the possibility that she may seek to recover the amount of past-due child support allegedly owed by appellee. *See, e.g., Walker v. Sheaves,* 533 S.W.2d 87 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.) (concluding decree terminating parent-child relationship of father and son did not have the effect of barring a suit for *accrued* but unpaid child support payments against defaulting party). The record in this case reflects that the accrued, unpaid child support in this case exceeds $77,000.00.

■ Second, the ultimate obligee under a child support order is the child himself. Although appellant is W.J.S.'s natural grandmother, the papers filed in this appeal reflect that she is also now his adoptive mother. Therefore, as of the date of the adoption, she is now under a legal duty to support W.J.S., and is not entitled to recover support accruing *after* the adoption.[6] The conclusion of the adoption proceeding does not, however, bar her from recovering the previously accrued obligations. *Walker,* 533 S.W.2d 87. The Family Code provides that, if a parent fails to discharge his duty of support and another person has provided that child with necessaries, then the parent is liable to that other person. Tex.Fam.Code Ann.

---

3. In other words, appellee was required to demonstrate that one of the exceptions alluded to in section 155.002 applied or, more pointedly, that the motion was not based on "prior proceedings" as alleged by appellant.

4. Appellant's second point of error also complains that the trial court erred because it conducted a hearing on this matter without the benefit of a court reporter. Because we have determined that the trial court committed reversible error in sustaining appellee's special appearance, we do not address the merits of this contention.

5. Although appellant's brief suggests the trial court rested its decision on the fact that the adoption had become complete, it is clear from the court's order dismissing the motion for enforcement that the decision was made solely because the court found that appellee was a resident of Kentucky and, hence, the court was of the opinion that it lacked jurisdiction over appellee.

6. Interest is an obligation separate from the obligor's primary duty to pay child support. Tex.Fam.Code Ann. §§ 157.265(a), (b) (Vernon 1995).

§ 151.003(c) (Vernon 1995); *see also Interest of M.W.T.,* 12 S.W.3d 598 (Tex.App.—San Antonio 2000, pet. denied) (citing Tᴇx. Fᴀᴍ.Cᴏᴅᴇ Aɴɴ. § 151.003 (Vernon 1995)). Any person who provides necessaries to a child· may sue to recover from a parent who fails to discharge his duty of support. *Office of Att'y Gen. v. Carter,* 977 S.W.2d 159, 160–61 (Tex.App.—Houston [14th Dist.] 1998, no pet.); *see also Bailey v. Bailey,* 987 S.W.2d 206, 210 (Tex.App.—Amarillo 1999, no pet.) (defining necessaries to include provisions such as clothing, food, shelter, medical and dental attention, and education); *Lawrence v. Cox,* 464 S.W.2d 674, 675 (Tex.Civ.App.—Waco 1971, writ dism'd w.o.j.) (holding any person who has supplied necessities to a child may sue and recover from the child's parent for value of the supplies or services furnished to the child).

Appellee had a duty to support W.J.S. until the parent-child relationship was terminated in the adoption proceeding. Moreover, the parties appear to agree that, at least since 1993, appellant has supported W.J.S. Therefore, appellant has a claim at least for the value of the necessaries appellant provided to W.J.S. up until such time as appellee's support obligation was terminated in the adoption proceeding. Additionally, because this case was dismissed upon a finding of lack of personal jurisdiction over appellee, appellant had no ability to develop the record to establish whether she provided W.J.S.'s necessaries before the time the mother relinquished control of W.J.S. to her, or whether, alternatively, for instance, the mother assigned her rights to collect from appellee the child support as it accrued.

### Conclusion

Because we find that the trial court erred in dismissing appellant's motion to enforce on the basis that it lacked personal jurisdiction over appellee, we sustain appellant's first point of error. Further, in light of our resolution of the foregoing matters, it is unnecessary for us to address appellant's remaining points of error.

The order dismissing appellant's motion to enforce is reversed, and the cause is remanded for further proceedings consistent with this opinion.