NO. 07-02-0167-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 11, 2004

_____

IN THE INTEREST OF WILLIAM JODY SULLIVAN, JR.

_____

FROM THE 310TH DISTRICT COURT OF HARRIS COUNTY;

NO. 85-09872; HONORABLE LISA MILLARD, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Glenda Gayle Cazalas brings this appeal challenging a judgment she obtained against appellee William Jody Sullivan in a motion for enforcement of child support. She presents seven issues complaining of the trial court's refusal to grant all of the relief she sought, and failure to join the child for whom support had been ordered. We will affirm.

William Jody Sullivan, Jr. (referred to by the parties and herein as Jody), was born on February 7, 1983, to William Jody Sullivan (William) and Rhonda Lee Sullivan (Rhonda).

The Sullivans were divorced by a September 1985 decree. This decree is not in the record before us, but appellant asserts it ordered William to pay $300 per month in child support. Appellant is Jody's maternal grandmother who testified she cared for him since 1986 after William moved to Kentucky. In 1993, Rhonda also moved out of the state, leaving appellant as Jody's sole caretaker.

In March 1998, appellant filed a motion to modify asking to be named sole managing conservator and seeking child support. William apparently filed a general denial in the modification proceeding.[1] On a date not shown in this record, appellant initiated a separate proceeding in the same court seeking termination of William and Rhonda's parental rights and to adopt Jody as her son. The termination and adoption became final in October 1998. In December 1998, appellant filed a motion to enforce William's past-due child support obligations. In January 1999, William responded by filing a special appearance and plea to the jurisdiction which the trial court sustained, dismissing the motion for enforcement.[2] Appellant appealed that dismissal and, in an opinion issued December 28, 2000, the Fourteenth Court of Appeals reversed, holding the trial court had personal jurisdiction over William.[3] It remanded the case to the trial court for further proceedings.

---

[1]The record before us in this appeal does not reflect the entire procedural history in the trial court. For some of the procedural events recited in this opinion, we rely on the opinion of the Fourteenth Court of Appeals in an earlier appeal in this case, styled *In re W.J.S.*, 35 S.W.3d 274 (Tex.App.–Houston [14th Dist.] 2000, no pet.).

[2]The trial court also dismissed appellant's motion to modify, based on appellant's adoption of Jody. *W.J.S.*, 35 S.W.3d at 276.

[3]*W.J.S.*, 35 S.W.3d at 277.

In February 2001, Jody turned 18 years old. In November 2001 appellant filed her first amended motion for enforcement. The motion alleged that appellant was the person entitled to receive payments on behalf of Jody and that William had failed to comply with the court's support order. It asked that he be held in contempt for "failure to pay movant," jailed and fined. In the motion, appellant also sought a judgment for past support and interest, together with costs and attorneys fees. She also asked the court to order William's income withheld to enforce payment of the child support. The record shows this motion was served on William in Kentucky in December 2001.

The trial court held a hearing on the motion in January 2002. William appeared only through counsel. At the hearing appellant also urged a motion seeking joinder of Jody as a party to the litigation and a second amended motion for enforcement that added a claim seeking reimbursement for $121,940 in necessaries provided to Jody. The trial court refused to join Jody and refused to hear the second amended motion because neither document had been served on William before the hearing.

Attachments to appellant's first amended motion for enforcement showed unpaid child support totaled $47,100 in October 1998 just before appellant's adoption of Jody. Appellant testified that she had supported Jody since he was three years old and that she had never received a child support payment from William. The trial court also admitted, as reflecting the testimony appellant would give if asked, an unsigned affidavit in which appellant summarized the amounts she expended for Jody from 1983 through 1998. On cross examination, appellant conceded she was not a party to Jody's parents' divorce action and the decree did not direct that she was to receive any support payments.

William's attorney argued appellant's claims should be denied because she had failed to establish any assignment of support obligations from Jody's natural mother and there were no pleadings to support her claim for necessaries. At the conclusion of the hearing, the court orally rendered a judgment for appellant, awarding her $47,100, together with pre- and post-judgment interest. It also held William in contempt but denied all other relief.

The trial court's written order, signed January 24, 2002, consistent with the oral rendition, found William in contempt for each missed payment from the 1985 decree until the October 1998 adoption and awarded appellant a judgment for past child support and interest totalling $84,269.39. The order also recited that appellant provided "necessary care and support" in the amount of $121,940.80, but did not grant her judgment for that amount. It denied all other relief requested by appellant.

Appellant filed a motion for new trial complaining of the trial court's failure to join Jody as a party, failure to confine William or order withholding of his income, and failure to award costs and attorneys fees. Later appellant again moved for joinder of Jody as a party. The court denied both motions, prompting this appeal. Appellant has filed a brief presenting her seven issues. William has neither appealed the judgment against him nor filed an appellee's brief.

Appellant's first issue assigns error to the trial court's failure to incarcerate William after finding him in contempt. In support she cites authority establishing that child support obligations are not debts for which imprisonment is constitutionally barred. *See, e.g., Ex*

*parte Birkhead*, 127 Tex. 556, 95 S.W.2d 953 (1936). While we agree this is a correct statement of the law, it wholly fails to show the trial court's failure to exercise its power to incarcerate William was reversible error. Indeed, the applicable law prohibited the court even from holding William in contempt. The Family Code bars a finding of contempt when the respondent does not personally appear at the enforcement hearing. Tex. Fam. Code Ann. §§157.066, 157.115(b) (Vernon 2002); *In re White*, 45 S.W.3d 787, 790 (Tex.App.–Waco 2001, no pet.). Because any contempt finding was improper, any incarceration based on that finding would likewise have been improper. We overrule appellant's first issue.

In her second issue, appellant assigns error to the trial court's failure to award costs and attorneys fees. She cites Section 157.167 of the Family Code, pointing out that it "specifically allows for the payment of attorneys fees and costs." In fact, that statute makes an award of attorneys fees and costs mandatory, unless the court finds good cause not to make such an award. *Marriage of Vogel*, 885 S.W.2d 648, 651 (Tex.App.–Amarillo 1994, writ denied). On the incomplete record before us, however, and under the peculiar circumstances reflected in it, by which appellant was granted a judgment based on unpaid child support even though she apparently was not the obligee[4] under the order directing payment of child support, but held a claim for the provision of necessaries,[5] we find the awarding of attorneys fees to be governed by Family Code Section 106.002 rather than Section 157.167, and thus discretionary with the trial court. *See In re C.R.O.*, 96 S.W.3d

---

[4]See Tex. Fam. Code Ann.§101.021 (Vernon 2002).

[5]See Tex. Fam. Code Ann. §151.001(c) (Vernon 2002).

442, 452 (Tex.App.–Amarillo 2002, pet. denied). A trial court abuses its discretion if it acts arbitrarily and unreasonably or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986). Because appellant has not demonstrated an abuse of the court's discretion with respect to costs and attorneys fees, we overrule her second issue.

In her third issue, appellant challenges the trial court's failure to order withholding from William's disposable income. She relies on various sections of Chapters 157 and 158 of the Family Code,[6] including Section 158.001 which mandates that any order for enforcement of child support include an order for income withholding. As with appellant's second issue, under the specific facts present here, we cannot say that the trial court erred in failing to order the implementation of the statutory income-withholding mechanism in enforcement of the judgment granted appellant. Appellant's third issue is overruled.

By her fourth and sixth issues, appellant assigns error, respectively, to the trial court's refusal to grant her motions to join Jody as a party and to the trial court's denial of discovery sanctions against William. Appellant requests that we reverse the judgment in her favor and remand the case to the trial court with instructions to order Jody's joinder, to order William to respond to her discovery and to issue discovery sanctions. The Rules of

---

[6]In another section of her brief, appellant asks this court to order an administrative writ of withholding, citing Family Code Sections 158.501(a) and 158.502(a). Appellant's reliance on those statutes is misplaced. Sections 158.501 and 158.502 authorize "the Title IV-D agency" to initiate income withholding by administrative writ. Title IV-D is a reference to Part D of Title IV of the federal Social Security Act. *See* 42 U.S.C. § 651 *et seq.* In Texas, the Title IV-D agency is the office of the Attorney General. Tex. Fam. Code Ann. § 231.001 (Vernon 2002).

Appellate Procedure provide that we may not reverse a judgment because of the trial court's error of law unless we conclude that the error complained of (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case on appeal. Tex. R. App. Proc. 44.1(a). Even assuming, *arguendo*, that the trial court's rulings were in error, appellant has provided neither argument nor authority explaining how that standard is met here. At oral argument, appellant conceded she was not harmed by the trial court's denial of her motion to join Jody. With respect to her sixth issue, appellant relies only on her counsel's statement at the hearing that he delivered discovery documents to William's attorney with the first amended motion for enforcement in November 2001. The record reflects that discussion occurred after both parties rested, just prior to the court's rendition of judgment for appellant. Her fourth and sixth issues are overruled.

Appellant's fifth issue complains of the trial court's failure to render a default judgment for her based on William's failure to appear at the hearing. She cites Section 157.115 of the Family Code in support. Section 157.115 provides that a court "may render a default order for the relief requested" if a respondent who has been properly served fails to appear. By her argument, appellant primarily reiterates her arguments under issues one through four. We consider that those arguments were addressed adequately in our disposition of those issues. Appellant also reiterates her argument that the trial court erred in failing to order punishment for contempt. As previously noted, the trial court was without authority to hold William in contempt in his absence. Tex. Fam. Code Ann. §157.066 (Vernon 2002). Further, the Rules of Appellate Procedure require, as a prerequisite to

appellate review of a complaint, that a party present to the trial court a timely request, objection or motion that states the specific grounds therefor, and obtain a ruling. Tex. R. App. Proc. 33.1. Otherwise, error is not preserved for review. *See Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999). The record reflects that before beginning his presentation of evidence at the hearing, appellant's counsel made the following statement to the court: "We are ready to proceed. I would first like to call - - we would like to move for a judgment in the absence of this gentleman. And I would like to report to the Court that the trial scheduling order of November had this matter set for today." There followed a discussion among counsel and the court concerning service of the first amended motion for enforcement on William and the procedural history of the case. Counsel then proceeded to call his first witness. The record does not reflect that appellant obtained a ruling on a request or motion for a default judgment pursuant to Section 157.115. Appellant's fifth issue thus presents nothing for review and is overruled.

Likewise, appellant's seventh issue, complaining of the denial of her motion for new trial, presents nothing for our review. Appellant argues that William's failure to appear at the hearing, and the trial court's failure to require him to do so, was "unconstitutional" and deprived her of due process. She cites *In re Taylor*, 39 S.W.3d 406 (Tex.App.–Waco 2001, orig. proceeding), in which the court discussed a trial court's duty to order a respondent to personally appear and respond to a motion for enforcement requesting contempt, under Section 157.061. *Id.* at 413-14. We do not understand appellant to argue, though, that the court did not order William to appear at the hearing. Assuming that notice of the hearing

was properly given him,[7] when he did not appear, the court could have issued a capias for his arrest. Tex. Fam. Code Ann. §§157.066, 157.114 (Vernon 2002). The record does not show that the trial court was asked to do so. Instead, the case proceeded to a judgment in appellant's favor. Moreover, the court's failure to require William's presence was not addressed in appellant's motion for new trial, which is the subject of her seventh issue. Despite appellant's bare reference to due process, she may not raise her complaint about William's absence from the hearing for the first time on appeal. Tex. R. App. Proc. 33.1(a).

Having overruled appellant's issues, we affirm the trial court's judgment.

James T. Campbell
Justice

---

[7]The record is not entirely clear on this point. The proposed Order to Appear appended to the first amended motion for enforcement contained in the record names an earlier hearing date. Counsel for William indicated at the hearing, though, that his client was aware of the hearing.