NO. 07-02-0429-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 23, 2004



______________________________




GABINO ANGUIANO GUTIERREZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 84TH DISTRICT COURT OF HANSFORD COUNTY;



NO. 1311; HONORABLE WILLIAM S. SMITH, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION


 Following his plea of not guilty, appellant Gabino Anguiano Gutierrez was convicted
by a jury of murder with an affirmative finding on use of a deadly weapon and punishment
was assessed at confinement for life. By his brief and amended brief, appellant presents
three points of error urging error by the trial court in (1) admitting into evidence and (2) 
allowing expert testimony on State's Exhibits 12, 13, 14, 15, 16, 51, 55, 56, and 73 which
were obtained in violation of the Fourth and Fourteenth Amendments to the United States
Constitution, Article I, Section 9 of the Texas Constitution, and article 38.23 of the Texas
Code of Criminal Procedure; and (3) allowing inadmissible hearsay testimony in violation
of Rule 803 of the Texas Rules of Evidence. We affirm.

 In the early morning hours of July 18, 2001, appellant telephoned his long-time
friend, Cisco Vela, to report that he had shot his live-in girlfriend and asked him to come
to the scene. Initially, Vela wanted to notify the paramedics; instead, appellant insisted that
the victim was dead, and because he was not fluent in English, asked Vela to notify the
police that an "accident" had occurred. Vela testified that because of static on the
telephone line he could not understand if appellant said he was cleaning or playing with the
gun when the victim was shot. 

 Vela went to the sheriff's office to report the incident, but being unsure of how to
give directions to appellant's physical address, he accompanied an officer to appellant's
residence. Upon locating the residence, Vela was taken back to the sheriff's office before
officers began their investigation. Appellant met the officers in front of his home and
although he was not under arrest at that time, was handcuffed and eventually placed in
one of the officers' patrol cars. The victim was found in one of the bedrooms with a
gunshot wound to the head and blood on the bedding and pillow. After paramedics
determined the victim was in fact dead, a justice of the peace pronounced the death a
homicide and the officers commenced searching for evidence. Without obtaining a search
warrant, numerous photographs of the victim and the scene were taken and certain items
were seized. 

 Following a hearing on appellant's motion to suppress evidence based on a
warrantless search and arrest, numerous items were suppressed. The case then
proceeded to trial before a jury after which appellant was convicted of murder. He
challenges his conviction asserting trial court error in the admission of numerous exhibits
and testimony regarding those exhibits as well as inadmissible hearsay.

 By his first two points, appellant contends the trial court's admission of certain State
exhibits and expert testimony regarding them violated the Fourth and Fourteenth
Amendments of the United States Constitution, Article I, Section 9 of the Texas
Constitution, and article 38.23 of the Texas Code of Criminal Procedure. We disagree. 
A trial court's ruling on the admission of evidence may not be disturbed on appeal without
a showing of abuse of discretion. Rankin v. State, 974 S.W.2d 707, 714 (Tex.Cr.App.
1996); see also Green v. State, 934 S.W.2d 92, 101-02, (Tex.Cr.App. 1996), cert denied,
520 U.S. 1200, 117 S.Ct. 1561, 137 L.Ed.2d 707 (1997). 

 Appellant complains about the admission of and testimony regarding the following
exhibits:


 No. 12 - photo of victim's body in bed
 No. 13 - photo of victim's body in bed
 No. 14 - photo of victim's body in bed
 No. 15 - photo of victim's body in bed
 No. 16 - photo of victim's body in bed
 No. 51 - photo of victim's body just prior to autopsy
 No. 55 - ice chest
 No. 56 - fan; and
 No. 73 - diagram of room prepared for crime scene reconstruction
and to show trajectory of the bullet.



Tom Bevel, an expert in crime scene reconstruction and blood spatter analysis, testified
that based on the State's exhibits, the victim's death could not have been accidental as
urged by the defense. During his testimony he referenced the exhibits appellant asserts
were erroneously admitted, which appellant contends also rendered his testimony
inadmissible. 

Exhibit 51


 The State asserts that error was not preserved for review regarding Exhibit 51. A
prerequisite for appellate review is a timely and specific objection by the defendant and an
adverse ruling by the trial court. Tex. R. App. P. 33.1(a). When the forensic pathologist
that conducted the autopsy testified, appellant objected to Exhibits 20 through 41 and 45. 
After the objection was overruled, defense counsel sought and was granted a running
objection regarding those exhibits. When Exhibit 51 was offered the court asked for
objections to which defense counsel responded, "[n]o additional objections." Thus, error,
if any, in the admission of Exhibit 51 was not preserved for review.

Exhibits 55 and 56 (ice chest and fan)


 The victim's daughter testified that several weeks after her mother died and after
appellant was in jail, she went to the residence to remove her mother's possessions. She
retrieved them from the bedroom that her mother and appellant shared. Actions of a
private person not acting as an agent for law enforcement are not subject to the Fourth
Amendment prohibitions against unreasonable searches and seizures. Bodde v. State,
568 S.W.2d 344, 352-53 (Tex.Cr.App. 1978), cert. denied, 440 U.S. 968, 99 S.Ct. 1520,
59 L.Ed.2d 784 (1979). Further, article 38.23 of the Texas Code of Criminal Procedure
does not render inadmissible items seized by a person rightfully entitled to be on the
premises. Id. at 353; see also Cobb v. State, 85 S.W.3d 258, 271 (Tex.Cr.App. 2002). We
conclude the trial court did not abuse its discretion in admitting Exhibits 55 and 56. 

Exhibits 12, 13, 14, 15, 16, and 73 
 

 Relying on Brimage v. State, 918 S.W.2d 466 (Tex.Cr.App. 1994), appellant argues
that Exhibits 12, 13, 14, 15, 16, and 73 were erroneously admitted and testified to because
no evidence of an exception to the prohibition against warrantless searches and seizures,
i.e., plain view or exigent circumstances, was presented. The State responds with the
following exceptions, to-wit: (1) plain view; (2) consent; (3) exigent circumstances; and (4)
investigatory duties by a justice of the peace pursuant to article 49.04(a) of the Texas Code
of Criminal Procedure. 

 We disagree with the State that the exigent circumstances exception applied
because any emergency ended when the victim's body was discovered and she was
pronounced dead by medical authorities. However, we do agree with the State that other
exceptions to the prohibition against unreasonable searches and seizures apply. 
Discovery by law enforcement of the victim's dead body with a gunshot wound to the head
was in plain view in the bedroom. See Gipson v. State, 82 S.W.3d 715, 722
(Tex.App.-Waco 2002, no pet.). 

 Furthermore, Vela's testimony that appellant telephoned him and asked him to notify
law enforcement to come to his residence after the victim was shot supports appellant's
consent to commence the investigation. See generally Allen v. State, 536 S.W.2d 364,
369 (Tex.Cr.App. 1976) (holding that photographs and a diagram were properly admitted
in voluntary manslaughter case because the defendant instigated the investigation by
calling the sheriff's office and the funeral home). Thus, any photographs of the victim's
body and the diagram depicting reconstruction of the scene were properly admitted. We
conclude the trial court did not abuse its discretion in admitting the exhibits and testimony
of which appellant complains. Points of error one and two are overruled. 

 Appellant's third point contention challenges the testimony of Palmira Moore, Ruben
Rojas, and Eddie Rojas as inadmissible hearsay in violation of Rule 803 of the Texas
Rules of Evidence. The trial court is the arbiter of whether hearsay is admissible under an
exception to the general rule of exclusion and its ruling will be upheld absent an abuse of
discretion. Head v. State, 4 S.W.3d 258, 266 (Tex.Cr.App. 1999); Coffin v. State, 885
S.W.2d 140, 149 (Tex.Cr.App. 1994). The witnesses testified to the victim's statements
expressing fear that appellant was going to hurt her or shoot her. After defense counsel
urged objections based on Rule 803(3), the trial court held the statements admissible
under Rule 803(1) as being present sense impressions. Defense counsel then urged an
803(1) objection also. 

 Palmira Moore testified that appellant and the victim had a turbulent relationship. 
The victim feared appellant would shoot her and had told others appellant was going to kill
her. Ruben Rojas testified that the victim was scared of appellant and that he was going
to shoot her. Eddie Rojas testified that the victim brought a gun and shells to him to put
away for her because she thought appellant might use the gun on her. 

 Testimony of a victim's fear is a mental feeling admissible under Rule 803(3). 
McDonald v. State, 911 S.W.3d 798, 806 (Tex.App.-San Antonio 1995, pet. dism'd). 
Evidence of a victim's fear is also admissible under Rule 803(3) to show the declarant's
state of mind. Williams v. State, 927 S.W.2d 752, 764-65 (Tex.App.-El Paso 1996, pet.
ref'd). Although the trial court ruled the statement's admissible under Rule 803(1), the
ruling will be upheld on any correct theory of law. Romero v. State, 800 S.W.2d 539, 543
(Tex.Cr.App. 1990). Thus, the trial court did not abuse its discretion in admitting the
objected-to testimony of Palmira Moore, Ruben Rojas, and Eddie Rojas. Point of error
three is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice


Do not publish. 

 

 

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.



 based on William's failure to appear at the hearing. She cites Section
157.115 of the Family Code in support. Section 157.115 provides that a court "may render
a default order for the relief requested" if a respondent who has been properly served fails
to appear. By her argument, appellant primarily reiterates her arguments under issues one
through four. We consider that those arguments were addressed adequately in our
disposition of those issues. Appellant also reiterates her argument that the trial court erred
in failing to order punishment for contempt. As previously noted, the trial court was without
authority to hold William in contempt in his absence. Tex. Fam. Code Ann. §157.066
(Vernon 2002). Further, the Rules of Appellate Procedure require, as a prerequisite to
appellate review of a complaint, that a party present to the trial court a timely request,
objection or motion that states the specific grounds therefor, and obtain a ruling. Tex. R.
App. Proc. 33.1. Otherwise, error is not preserved for review. See Holland v. Wal-Mart
Stores, Inc., 1 S.W.3d 91, 94 (Tex. 1999). The record reflects that before beginning his
presentation of evidence at the hearing, appellant's counsel made the following statement
to the court: "We are ready to proceed. I would first like to call - - we would like to move
for a judgment in the absence of this gentleman. And I would like to report to the Court that
the trial scheduling order of November had this matter set for today." There followed a
discussion among counsel and the court concerning service of the first amended motion
for enforcement on William and the procedural history of the case. Counsel then proceeded
to call his first witness. The record does not reflect that appellant obtained a ruling on a
request or motion for a default judgment pursuant to Section 157.115. Appellant's fifth
issue thus presents nothing for review and is overruled. 

 Likewise, appellant's seventh issue, complaining of the denial of her motion for new
trial, presents nothing for our review. Appellant argues that William's failure to appear at
the hearing, and the trial court's failure to require him to do so, was "unconstitutional" and
deprived her of due process. She cites In re Taylor, 39 S.W.3d 406 (Tex.App.-Waco 2001,
orig. proceeding), in which the court discussed a trial court's duty to order a respondent to
personally appear and respond to a motion for enforcement requesting contempt, under
Section 157.061. Id. at 413-14. We do not understand appellant to argue, though, that the
court did not order William to appear at the hearing. Assuming that notice of the hearing
was properly given him, (7) when he did not appear, the court could have issued a capias for
his arrest. Tex. Fam. Code Ann. §§157.066, 157.114 (Vernon 2002). The record does not
show that the trial court was asked to do so. Instead, the case proceeded to a judgment
in appellant's favor. Moreover, the court's failure to require William's presence was not
addressed in appellant's motion for new trial, which is the subject of her seventh issue.
Despite appellant's bare reference to due process, she may not raise her complaint about
William's absence from the hearing for the first time on appeal. Tex. R. App. Proc. 33.1(a). 
 

 Having overruled appellant's issues, we affirm the trial court's judgment.


 James T. Campbell

 Justice




1. The record before us in this appeal does not reflect the entire procedural history in
the trial court. For some of the procedural events recited in this opinion, we rely on the
opinion of the Fourteenth Court of Appeals in an earlier appeal in this case, styled In re
W.J.S., 35 S.W.3d 274 (Tex.App.-Houston [14th Dist.] 2000, no pet.). 
2. The trial court also dismissed appellant's motion to modify, based on appellant's
adoption of Jody. W.J.S., 35 S.W.3d at 276.
3. W.J.S., 35 S.W.3d at 277. 
4. See Tex. Fam. Code Ann.§101.021 (Vernon 2002).
5. See Tex. Fam. Code Ann. §151.001(c) (Vernon 2002).
6. In another section of her brief, appellant asks this court to order an administrative
writ of withholding, citing Family Code Sections 158.501(a) and 158.502(a). Appellant's
reliance on those statutes is misplaced. Sections 158.501 and 158.502 authorize "the Title
IV-D agency" to initiate income withholding by administrative writ. Title IV-D is a reference
to Part D of Title IV of the federal Social Security Act. See 42 U.S.C. § 651 et seq. In
Texas, the Title IV-D agency is the office of the Attorney General. Tex. Fam. Code Ann.
§ 231.001 (Vernon 2002). 
7. The record is not entirely clear on this point. The proposed Order to Appear
appended to the first amended motion for enforcement contained in the record names an
earlier hearing date. Counsel for William indicated at the hearing, though, that his client was
aware of the hearing.