**Affirmed in Part, Reversed and Remanded in Part, and En Banc Majority, Concurring, and Dissenting Opinions filed December 20, 2011.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-09-01081-CV

---

### ROSSCER CRAIG TUCKER, II, Appellant

### V.

### LIZABETH THOMAS, Appellee

---

**On Appeal from the 312th District Court
Harris County, Texas
Trial Court Cause No. 2003-55104**

---

## EN BANC MAJORITY OPINION

Does a trial court have the authority to order a parent to pay attorney's fees as additional child support in a non-enforcement modification suit? This issue has divided our state's intermediate courts of appeals as well as panels of this court, and it is the key issue presented to the en banc court today.

The father of three children filed suit seeking modification of a final order rendered in a suit affecting the parent-child relationship, and the mother counter-sued, also seeking modification of that order. The trial court denied the relief requested by the

father and granted in part the relief requested by the mother, increasing the father's monthly child-support obligation. The trial court also found that certain fees incurred by an amicus attorney and by the mother were necessaries for the children's benefit, and ordered the father to pay these fees as additional child support. Today, the en banc court upholds this court's conclusion in *Hardin v. Hardin* and holds that under the Texas Family Code, the trial court in a non-enforcement modification suit has jurisdiction and authority to order a parent to pay reasonable attorney's fees, as additional child support, for legal services benefitting the children. Thus, the trial court had authority to order the father to pay attorney's fees incurred by the amicus attorney and the mother as additional child support. But because the evidence is insufficient to support the trial court's finding that the mother's attorney's fees were reasonable, we reverse the trial court's order that the father pay the fees incurred by the mother and remand for further proceedings. Finding no merit in the father's challenges to the order regarding the amicus attorney's fees and the denial of the father's requested modification, we affirm the remainder of the trial court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Rosscer ("Ross") Craig Tucker, II and appellee Lizabeth Thomas were divorced in 2005. In the divorce decree, the trial court appointed Ross and Lizabeth joint managing conservators of their three minor children. Under that decree, Lizabeth had the exclusive right to designate the children's primary residence, and Ross had the right to possession of the children under a standard possession order.

In December 2008, Ross filed an original petition for modification of the parent-child relationship, seeking to be appointed joint managing conservator with the exclusive right to designate the children's primary residence. Ross also sought an order geographically restricting the children's primary residence to Harris County, Texas. Lizabeth filed a counter-petition, seeking appointment as sole managing conservator of the children, modification of the terms and conditions for Ross's access to and possession

2

of the children, and an increase in Ross's monthly child-support obligation. An amicus attorney was appointed to represent the children's interests.

The case was tried to the bench on eleven days over a ten-week period. On the final day of trial, Ross stated that, if the trial court were to increase his monthly child-support obligation and order him to pay attorney's fees to Lizabeth, Ross would "have to go to bankruptcy court." Lizabeth's attorney asked the trial court to order that Ross pay Lizabeth's attorney's fees as additional child support. The amicus attorney also requested that Lizabeth and Ross be ordered to pay reasonable attorney's fees to the amicus attorney as additional child support.

In its final order, the trial court disposed of the parties' modification requests. Among other things, the trial court denied Ross's petition for modification and increased Ross's monthly child-support obligation from $1,800 to $2,200. The trial court also found that the amicus attorney had incurred $9,137.50 in attorney's fees, that these fees are reasonable, and that they are necessaries for the children's benefit. The trial court ordered that Ross and Lizabeth each pay the amicus attorney one-half of the amount of these fees as additional child support. The trial court also found that Lizabeth had expended $82,375 in reasonable attorney's fees as necessaries for the children's benefit. The trial court ordered Ross to pay this amount plus postjudgment interest to Lizabeth as additional child support by making payments of $500 per month until the amount owed is paid in full.

Ross filed a motion for new trial in which he challenged the trial court's order that Ross pay attorney's fees to the amicus attorney and to Lizabeth as additional child support. The trial court denied this motion.

## II. ISSUES PRESENTED

In his first issue, Ross asserts that the trial court abused its discretion by awarding Lizabeth attorney's fees, by assessing attorney's fees and amicus fees as child support, and by assessing compound postjudgment interest on the attorney's fees. In his second

3

issue, Ross asserts that the trial court abused its discretion by denying the relief Ross requested in his modification petition.

## III. STANDARD OF REVIEW

To prevail in their respective modification suits Ross and Lizabeth, each a party seeking relief, had to show that the circumstances of the children or a person affected by the order had materially and substantially changed since the date of the divorce decree. *See* Tex. Fam. Code Ann. § 156.401(a)(1); *In re D.S.*, 76 S.W.3d 512, 520 (Tex. App.—Houston [14th Dist.] 2002, no pet.). In determining whether child support should be modified, the trial court is obliged to examine the circumstances of the children and parents at the time of the divorce decree and the circumstances existing at the time of trial in the modification suit. *See In re D.S.*, 76 S.W.3d at 520. Upon a showing of the requisite changed circumstances, the trial court may alter the child-support obligations. *See id.* Trial courts have broad discretion to determine and modify the amount of child support that a parent must pay. *See id.* We review the trial court's modification ruling under the abuse-of-discretion standard. *See id.* at 521. The test for abuse of discretion is whether the trial court acted arbitrarily or unreasonably, or whether it acted without reference to any guiding rules or principles. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Under the abuse-of-discretion standard of review, challenges to the sufficiency of the evidence are not independent grounds of error but are relevant factors in assessing whether the trial court abused its discretion. *In re T.J.L.*, 97 S.W.3d 257, 266 (Tex. App.—Houston [14th Dist.] 2002, no pet.). An abuse of discretion does not occur when the record contains some evidence of a substantial and probative character to support the trial court's ruling. *Id.*

4

## A.    In a non-enforcement modification suit, does a trial court have jurisdiction and authority to order payment of attorney's fees as additional child support?

Under his first issue, Ross argues that in a modification suit in which the trial court does not order a party to pay a past-due child-support obligation,[1] the trial court has no authority to order payment of attorney's fees to a parent or amicus attorney as additional child support. The reasoning of the First Court of Appeals in *In re Moers* supports Ross's argument. *See* 104 S.W.3d 609, 611–12 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Though he relies upon the *In re Moers* case, Ross acknowledges that this court declined to follow *In re Moers* and held to the contrary in *Hardin v. Hardin*. *See* 161 S.W.3d 14, 24–27 (Tex. App.—Houston [14th Dist.] 2004) (holding in non-enforcement modification suit that court of continuing jurisdiction may order one parent to pay the reasonable attorney's fees of the other parent as additional child support if the fees are necessaries for the benefit of the children), *judgm't vacated*, *op. not withdrawn*, No. 14-03-00342-CV, 2005 WL 310076, at *1 (Tex. App.—Houston [14th Dist.] Feb. 10, 2005, no pet.) (mem. op.). This court has followed the *Hardin* precedent. *See, e.g.*, *In re J.A.D.*, No. 14-08-00689-CV, 2010 WL 2649961, at *1–4 (Tex. App.—Houston [14th Dist.] Jul. 6, 2010, no pet.) (holding, in modification suit in which no enforcement was ordered, that trial court did not abuse its discretion in ordering father to pay mother's attorney's fees as child support under the "necessaries" rule) (mem. op). But, as noted by Ross, in two opinions this court followed *In re Moers* without citing or discussing this court's prior precedent in *Hardin*. *See McCloskey v. McCloskey*, No. 14-06-00470-CV, 2009 WL 3335868, at *2 (Tex. App.—Houston [14th Dist.] Apr. 2, 2009, pet. denied) (mem. op.); *In re D.C.M.*, No. 14-06-00844-CV, 2008 WL 4146785, at *10 (Tex. App.—Houston [14th Dist.] Sept. 9, 2008, pet. denied) (mem. op.). On our own motion, we

---

[1] A party can file a motion for enforcement in a modification suit. *See* Tex. Fam. Code Ann. § 157.003(a) (West 2008). In this opinion, we refer to a modification suit in which the trial court does not grant a motion for enforcement as a "non-enforcement modification suit."

decided to hear this case en banc to resolve the conflict among opinions of this court as to whether a trial court in a non-enforcement modification suit has jurisdiction and authority to order payment of attorney's fees as additional child support. *See* Tex. R. App. P. 41.2(c). *Compare In re J.A.D.*, 2010 WL 2649961, at *1–4, *and Hardin*, 161 S.W.3d at 24–27, *with McCloskey*, 2009 WL 3335868, at *2, *and In re D.C.M.*, 2008 WL 4146785, at *10.

### 1. The trial court had jurisdiction and authority to order additional child support in general.

Because the trial court rendered the divorce decree, the trial court has continuing, exclusive jurisdiction over the matters addressed in Title 5 of the Family Code in connection with Ross and Lizabeth's children, including child-support issues. *See* Tex. Fam. Code Ann. § 155.001 (West 2008) (stating, with exceptions not applicable to case under review, that upon rendition of a final order, a trial court acquires continuing, exclusive jurisdiction over the matters provided for by Title 5 of the Family Code in connection with a child). On appeal, Ross does not dispute that the trial court has continuing, exclusive jurisdiction. But Ross asserts that the trial court lacked authority to order him to pay attorney's fees as additional child support because courts do not have such authority in a non-enforcement modification suit.

In the divorce decree the trial court rendered orders regarding Ross's duty to support his children. As the court with continuing, exclusive jurisdiction, the trial court is vested with jurisdiction to modify the decree regarding (1) Ross's duty to support his children, (2) conservatorship issues, and (3) issues regarding possession of and access to the children. *See* Tex. Fam. Code Ann. § 155.003 (West Supp. 2010) (stating, with exceptions not applicable to case under review, that "a court with continuing, exclusive jurisdiction may exercise its jurisdiction to modify its order regarding managing conservatorship, possessory conservatorship, possession of and access to the child, and support of the child").

6

With exceptions not applicable to the case under review, the Texas Legislature has provided that a court with continuing, exclusive jurisdiction may modify its prior order providing for the support of a child if:

> (1) the circumstances of the child or a person affected by the order have materially and substantially changed since the earlier of:
>
> > (A) the date of the order's rendition; or
> > (B) the date of the signing of a mediated or collaborative law settlement agreement on which the order is based . . . .

Tex. Fam. Code Ann. § 156.401(a) (West 2008). Lizabeth invoked this provision in her counter-petition seeking an increase in Ross's child-support obligations, and the trial court impliedly found this provision to apply when it granted Lizabeth's counter-petition in part, ordered an increase in Ross's monthly child-support obligation, and ordered Ross to pay attorney's fees as additional child support. *See id*.; *Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex. 1988) (per curiam) (stating that, in the absence of findings of fact by the trial court, appellate courts presume that the trial court made all findings necessary to support its judgment); *Randle v. Randle*, 700 S.W.2d 314, 315–16 (Tex. App.—Houston [1st Dist.] 1985, no writ) (concluding that trial court impliedly found that the circumstances of the child had materially and substantially changed in case in which the trial court did not make any findings of fact and this finding was necessary to support the judgment). Under the unambiguous language of the Family Code, the trial court had jurisdiction and authority in the modification suit to order Ross to pay additional child support. *See* Tex. Fam. Code Ann. §§ 155.003, 156.401(a); *see also* Tex. Fam. Code Ann. § 154.001(a) (West 2008) (stating that "the court may order either or both parents to support a child in the manner specified by the order. . . .").

### 2. The trial court had jurisdiction and authority to order payment of attorney's fees as additional child support.

Given the trial court's clear jurisdiction and authority to order Ross to pay additional child support, the next question is whether, in a non-enforcement modification

7

suit, the trial court could determine that Ross's duty to support his children includes a duty to pay reasonable attorney's fees for legal services benefitting the children. Under the unambiguous language of the Family Code and under precedent from the Supreme Court of Texas, the answer to this question is "yes."

"A parent of a child has . . . the duty to support the child." Tex. Fam. Code Ann. § 151.001(a) (West 2008). In the Family Code, the Texas Legislature expressly states that "a parent who fails to discharge the duty of support is liable to a person who provides necessaries to those to whom support is owed." *Id*. § 151.001(c). In this provision, the Legislature has codified longstanding common-law principles. Under the plain language of section 151.001(c),[2] Ross's duty as a parent to support his minor children includes a duty to provide them with necessaries.[3] *See id*.; *In re H.V.*, 252 S.W.3d 319, 327, n.55 (Tex. 2008) (concluding that a parent's duty of support includes a duty to pay for the "necessaries" of the parent's children); *In re W.J.S.*, 35 S.W.3d 274, 277–278 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (same as *In re H.V.*). This duty is not changed by the divorce of Ross and Lizabeth, and "a person who provides necessaries" under section 151.001(c) can include Lizabeth, even though she is a parent of the children. *See In re B.I.V.*, 923 S.W.2d 573, 574–75 (Tex. 1996); *Office of Attorney General v. Carter*, 977 S.W.2d 159, 160–61 (Tex. App.—Houston [14th Dist.] 1998, no pet.). For more than a century, Texas courts have held that reasonable attorney's fees incurred for the benefit of a minor may constitute necessaries. *See Searcy v. Hunter*, 17 S.W. 372, 373 (Tex. 1891) (stating that reasonable attorney's fees for the benefit of a minor in prosecuting a civil suit to recover money or property for the minor may be necessaries); *Askey v. Williams*, 11 S.W. 1101, 1101–02 (Tex. 1889) (holding that reasonable

___

[2] Unless otherwise stated, all statutory references in this opinion are to the Texas Family Code.

[3] This legal rule has been part of the jurisprudence in America since the early days of our country. *See* 2 J. KENT, COMMENTARIES ON AMERICAN LAW 191 (3d ed. 1827) (stating that "during the minority of the child, the parent is absolutely bound to provide reasonably for [the child's] maintenance and education, and [the parent] may be sued for necessaries furnished, and schooling given to a child, under just and reasonable circumstances").

attorney's fees for the benefit of a minor in defending the minor against a criminal charge were necessaries). Three years ago, the Supreme Court of Texas reaffirmed that attorney's fees for services rendered for a child's benefit may constitute necessaries that fall within the duty of support owed by that child's parents. *See In re H.V.*, 252 S.W.3d at 327, n.55.

Ross's duty to support his children encompasses an obligation to provide them with necessaries, which may include reasonable attorney's fees for legal services benefitting the children. *See* Tex. Fam. Code Ann. §§ 151.001(a), (c); *In re H.V.*, 252 S.W.3d at 327, n.55; *Searcy*, 17 S.W. at 373; *Askey*, 11 S.W. at 1101–02. In *Hardin v. Hardin*, this court cited section 154.001 but did not cite section 151.001 or section 156.401(a). *See Hardin*, 161 S.W.3d at 24–27. Nonetheless, the *Hardin* court noted that the duty of a parent to pay attorney's fees as necessaries is based upon a parent's duty to support his children. *See id.* at 25. In addition, the *Hardin* court cited non-enforcement cases that cited the statutory predecessor to section 151.001. *See id.* at 25–26 (citing *Roosth v. Roosth* and *Daniels v. Allen*); *Roosth v. Roosth*, 889 S.W.2d 445, 456–57 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (holding that trial court did not abuse its discretion in ordering that father pay attorney's fees to mother as necessaries for the benefit of the children in divorce decree and citing statutory predecessor to section 151.001); *Daniels v. Allen*, 811 S.W2d 278, 280 (Tex. App.—Tyler 1991, no writ) (holding that trial court did not abuse its discretion in ordering that father pay attorney's fees to mother as necessaries for the benefit of the children in paternity proceeding and citing statutory predecessor to section 151.001). Though not cited in all of the opinions, there is a sound statutory basis for the holdings in cases in which courts have determined that the trial court in a non-enforcement modification suit has authority to order a parent to pay reasonable attorney's fees as child support under the "necessaries rule."[4] *See In re*

---

[4] Our dissenting colleagues rely upon the absence of any express statement of this authority in Chapter 156, sometimes referring to this absence as the "silence" of Chapter 156. *See post* at pp. 5–6. Though the Legislature could have stated this authority expressly in Chapter 156, its failure to do so is not dispositive. The Legislature stated in section 156.401 that trial courts may modify a child-support order under

*J.A.D.*, 2010 WL 2649961, at \*1–4 (holding, in modification suit in which no enforcement was ordered, that trial court did not abuse its discretion in ordering father to pay mother's attorney's fees as child support under the "necessaries" rule); *In re A.J.J.*, No. 2-04-265-CV, 2005 WL 914493, at \*5–6 (Tex. App.—Fort Worth Apr. 21, 2005, no pet.) (mem. op.) (holding in non-enforcement modification suit that court of continuing jurisdiction did not abuse its discretion in ordering father to pay reasonable attorney's fees incurred by mother as necessaries for the children); *Hardin*, 161 S.W.3d at 25–26 (holding in non-enforcement modification suit that court of continuing jurisdiction may order one parent to pay the reasonable attorney's fees of the other parent as necessaries for the benefit of the children and thus as child support); *Stevens v. Stevens*, No. 05-03-00249-CV, 2003 WL 21999900, at \*2–3 (Tex. App.—Dallas Aug. 25, 2003, no pet.) (mem. op.) (stating in non-enforcement modification suit that court of continuing jurisdiction may order one parent to pay the reasonable attorney's fees of the other parent as necessaries for the benefit of the children, but concluding that trial court abused its discretion by concluding that fees were necessaries under the facts and circumstances of the case under review); *In re A.J.L.*, 108 S.W.3d 414, 421–22 (Tex. App.—Fort Worth 2003, pet. denied) (stating in non-enforcement modification suit that court of continuing jurisdiction may order one parent to pay the reasonable attorney's fees of the other parent as necessaries for the benefit of the children and holding that trial court abused its discretion in ordering that non-parent pay attorney's fees as child support, given that non-parent had no duty to pay for the children's necessaries).  The statutory basis for these holdings reflects a strong legislative policy of arming the court of continuing jurisdiction

circumstances such as those presented in the case under review. *See* Tex. Fam. Code Ann. §156.401.  In other chapters of the Family Code, the Legislature has stated that (1) the trial court may order a parent to support a child in the manner specified in the order, with exceptions not applicable to the case under review; and (2) a parent's duty to support minor children includes a duty to provide the children with necessaries. *See id.* §§ 151.001, 154.001.  These sections apply in modification actions, even though they are not found in Chapter 156. *See, e.g.*, *In re A.L.E.*, 279 S.W.3d 424, 431 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (applying section 153.001 to modification suit under Chapter 156); *Stanfield v. Stanfield*, No. 01-05-00379-CV, 2005 WL 3454139, at \*2 (Tex. App.—Houston [1st Dist.] Dec. 15, 2005, no pet.) (applying section 154.001 to modification suit under Chapter 156) (mem. op.).

with the judicial tools to ensure that parents are held accountable in child support for necessaries furnished for the benefit of their children.

The Texas Legislature has crafted a comprehensive statutory scheme in the Family Code. Though the Legislature prohibits trial courts from taking various actions in different parts of the Family Code, the Legislature uses language of permission in the Family Code much more frequently than language of prohibition. In enacting laws governing the rights and responsibilities of parents and the protection of children, the Legislature made a policy choice to vest trial courts with vast power and broad discretion over many important matters. The Family Code contains numerous provisions in which the Legislature grants the trial judge wide latitude in crafting orders to meet the needs of children and families. *See Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982) (concluding that Family Code gives trial courts wide latitude in determining the best interests of a minor child); *Quijano v. Quijano*, 347 S.W.3d 345, 349 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (stating that, under section 7.001, trial courts have wide discretion in making a just and right division of the marital estate); *In re Smith*, 260 S.W.3d 568, 574 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (stating that trial courts are vested with broad discretion in determining the best interests of a child in family law matters such as custody, visitation, and possession); *Swaab v. Swaab*, 282 S.W.3d 519, 532 (Tex. App.—Houston [14th Dist.] 2008, pet. dism'd) (concluding that trial courts have broad discretion in crafting the rights and duties of each conservator in effectuating the best interest of the child); *In re K.R.P.*, 80 S.W.3d 669, 674 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (stating that trial courts have wide discretion in determining the best interests of a child in family law matters such as child support); *Dade v. Dade*, No. 01-05-00912-CV, 2007 WL 1153053, at *1 (Tex. App.—Houston [1st Dist.] Apr. 19, 2007, no pet.) (noting that the Texas Legislature has conferred upon the trial courts wide discretion to enforce property divisions contained in a divorce decree) (mem. op.); *Klise v. Klise*, 678 S.W.2d 545, 546–47 (Tex. App.—Houston [14th Dist.] 1984, no writ) (stating that each child-support case stands on its own facts and that trial

courts have wide discretion in resolving child-support issues).  This big-picture view is strong evidence of the Legislature's choice to place broad discretion in the trial judge in the resolution of family law matters.

The statutes we interpret today do not contain language which expressly prohibits a trial court from ordering a parent to pay reasonable attorney's fees for legal services benefitting the children as additional child support.  Nor do these statutes expressly authorize a trial court to take this action.  But the silence is hardly an indication that the Legislature intended to forbid an award of attorney's fees as child support in a non-enforcement modification suit.  To the contrary, in light of general statutes giving the trial court authority to order parents to comply with their duty of support by paying for their children's necessaries, the absence of statutory language placing limitations or restrictions on the court's authority is some indication that the Legislature did not intend to restrict this authority.  *See* Tex. Fam. Code Ann. §§ 151.001, 154.001(a), 156.401.  As demonstrated in the plain terms of many sections in the Family Code, when the Legislature intends to impose restrictions, it usually expresses this intention clearly and concisely within the statutory language.  *See, e.g.*, Tex. Fam. Code Ann. § 153.001(b) (West 2008) (stating that "a court may not render an order that conditions the right of a conservator to possession of or access to a child on the payment of child support").  If anything, the absence of such restrictions suggests the Legislature intended that in non-enforcement modification suits, the trial court is vested with the power and authority to determine whether a parent should be ordered to pay, as additional child support, reasonable attorney's fees for legal services benefitting the children.  The overall statutory scheme of the Family Code makes clear that the Texas Legislature has entrusted broad discretion to the family court judge and when the Legislature seeks to limit or restrict that discretion, the Legislature generally says so.  Under this regime, silence does not indicate prohibition but rather permission.

In the case under review, the trial court determined that the attorney's fees Lizabeth and the amicus attorney incurred are reasonable and that these fees are necessaries for the benefit of and in the best interests of the children. Under applicable statutes, the trial court was clothed with jurisdiction and authority to order Ross to pay these attorney's fees as additional child support.[5] *See* Tex. Fam. Code Ann. §§ 151.001, 154.001, 155.003, 156.401. Though five sister courts of appeals have followed *In re Moers*,[6] this court, in *Hardin*, and other courts have determined, correctly, that the trial court in a non-enforcement modification suit may order a parent to pay reasonable attorney's fees as child support based upon the parent's duty to pay for the children's necessaries. *See In re H.V.*, 252 S.W.3d at 327, n.55; *Searcy*, 17 S.W. at 373; *Askey*, 11 S.W. at 1101–02; *In re J.A.D.*, 2010 WL 2649961, at *1–4; *In re A.J.J.*, 2005 WL

---

[5] These statutes permit a trial court to order a parent to pay the other parent or an amicus attorney reasonable attorney's fees as child support in a non-enforcement modification suit. Because these statutes do not expressly mention attorney's fees, our dissenting colleagues conclude that no statute permits such an order. *See post* at pp. 1–5. But the Texas Legislature is free to express itself through general rather than specific language, and the meaning of a statute can be implied from the express statements in the statutory text. *See Tex. Indus. Energy Consumers v. Centerpoint Energy Houston Electric, LLC*, 324 S.W.3d 95, 105–07 (Tex. 2010) (holding that transferor's request to recover fee it had paid was within the scope of the general statutory language allowing recovery of "reasonable costs of participating in a proceeding," even though other party was initially responsible for paying this fee and even though statute did not specifically provide that such recovery was allowed); *Sturgis Air One, L.L.C. v. Harris County Appraisal Dist.*, No. 14-09-00891-CV, —S.W.3d—,—, 2011 WL 1045296, at *4–6 (Tex. App.—Houston [14th Dist.] Mar. 24, 2011, no pet.) (holding that the Legislature imposed a requirement implicitly, rather than by means of statutory language expressly stating the requirement); *Perry & Perry Builders, Inc. v. Galvan*, No. 03-02-00091-CV, 2003 WL 21705248, at *8 (Tex. App.—Austin Jul. 24, 2003, no pet.) (holding that attorney's fees for quantum-meruit claim may be recovered under Texas Civil Practice and Remedies Code section 38.001 because this claim falls within general statutory language, even though statute does not specifically refer to quantum-meruit claims) (mem. op.). Our Legislature has provided that a parent's child-support duty includes paying for a child's necessaries. *See* Tex. Fam. Code Ann. § 151.001(c). The Legislature's failure to expressly state that necessaries may include attorney's fees for services rendered for a child's benefit does not prevent courts from concluding that such fees fall within the scope of this general statutory language. *See Tex. Indus. Energy Consumers*, 324 S.W.3d at 105–07; *Perry & Perry Builders, Inc.*, 2003 WL 21705248, at *8.

[6] *See, e.g.*, *In re M.A.F.*, No. 12-08-00231-CV, 2010 WL 2178541, at *9 (Tex. App.—Tyler May 28, 2010, no pet.) (mem. op.); *In re A.S.Z.*, No. 2-07-259-CV, 2008 WL 3540251, at *1 (Tex. App.—Fort Worth Aug. 14, 2008, no pet.) (per curiam) (mem. op.); *Naguib v. Naguib*, 183 S.W.3d 546, 547–48 (Tex. App.—Dallas 2006, no pet.); *Finley v. May*, 154 S.W.3d 196, 199 (Tex. App.—Austin 2004, no pet.); *In re J.C.K.*, 143 S.W.3d 131, 143 (Tex. App.—Waco 2004, no pet.).

13

914493, at \*5–6; *Hardin*, 161 S.W.3d at 25–26; *Stevens*, 2003 WL 21999900, at \*2–3; *In re A.J.L.*, 108 S.W.3d at 421–22; *In re W.J.S.*, 35 S.W.3d at 277–278.

### 3. In no statute has the Texas Legislature restricted the trial court's authority to order the payment of attorney's fees as additional child support to the enforcement context.

The courts in the *Moers* line of cases and our dissenting colleagues conclude that the Texas Legislature has restricted the taxation of fees as child support to the enforcement context.[7] *See In re Moers*, 104 S.W.3d at 611–12. This conclusion conflicts with the unambiguous language of the Family Code.

In construing a statute, this court's purpose is to give effect to the Legislature's expressed intent. *Iliff v. Iliff*, 339 S.W.3d 74, 79 (Tex. 2011). If possible, this court must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). "'Our role . . . is not to second-guess the policy choices that inform our statutes or to weigh the effectiveness of their results; rather, our task is to interpret those statutes in a manner that effectuates the Legislature's intent.'" *Iliff*, 339 S.W.3d at 79 (quoting *McIntyre v. Ramirez*, 109 S.W.3d 741, 748 (Tex. 2003)). When statutory language is unambiguous and yields only one reasonable interpretation, this court must interpret the statute according to its plain meaning. *Id.*

In pertinent part, section 157.167, entitled "Respondent to Pay Attorney's Fees and Costs," reads as follows:

(a) If the court finds that the respondent has failed to make child support payments, the court shall order the respondent to pay the movant's

---

[7] The rationale of the court in *In re Moers* is addressed in this opinion in subsections 4 and 5 of section IV.A., *infra*. The cases that adopt or follow the *Moers* rule have not set forth any reasons in support of this rule that are not contained in the *Moers* opinion. We refer to the *Moers* opinion and the opinions that follow it as the "*Moers* line of cases."

14

reasonable attorney's fees and all court costs in addition to the arrearages. Fees and costs ordered under this subsection may be enforced by any means available for the enforcement of child support, including contempt.

(b) If the court finds that the respondent has failed to comply with the terms of an order providing for the possession of or access to a child, the court shall order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to any other remedy. If the court finds that the enforcement of the order with which the respondent failed to comply was necessary to ensure the child's physical or emotional health or welfare, the fees and costs ordered under this subsection may be enforced by any means available for the enforcement of child support, including contempt, but not including income withholding.

Tex. Fam. Code Ann. § 157.167 (West 2008). Under section 157.167(a), if the trial court finds that a respondent to a motion for enforcement has failed to make child-support payments, the trial court must order the respondent to pay the movant's reasonable attorney's fees and court costs as well as the child-support arrearages. *See id*. Without the requirement of any finding that these fees and costs are child support or necessaries for the benefit of the children, the trial court has the authority to enforce such an order by any means available for the enforcement of child support, but the trial court is not required to use these means of enforcement. *See id*.; *Iliff*, 339 S.W.3d at 81 (holding that "may" as used in section 154.066 gave the trial court authority or permission); *see also Isaacs v. Isaacs*, 338 S.W.3d 184, 187 (Tex. App.—Houston [14th Dist.] 2011, pet. filed) (outlining various cumulative means available under the Family Code by which a trial court may enforce an unpaid child-support obligation). The latter determination is within the trial court's discretion according to the facts and circumstances in a particular case. Nothing in the language of section 157.167(a) reflects any intent by the Legislature to limit the circumstances under which trial courts may find that attorney's fees are necessaries for the benefit of the children under other statutes, such as sections 151.001, 154.001(a), and 156.401.

15

The language in the second sentence of section 157.167(a), upon which the *Moers* court and our dissenting colleagues rely heavily, was first added by the Texas Legislature in 1999. *See* Act of May 27, 1999, 76th Leg., R.S., ch. 556, § 18, 1999 Tex. Gen. Laws 3058, 3062 (amended 2003, 2005) (current version at Tex. Fam. Code Ann. § 157.167(a)). Our construction of the relevant sections of the Family Code does not render this language superfluous or meaningless. Under our construction, the trial court has discretion to find that attorney's fees incurred in prosecuting a motion for enforcement are necessaries for the benefit of the children and thus constitute part of the parent's child-support obligation. Under the statutory language added in 1999, trial courts have the authority to enforce an award of attorney's fees and costs as if they were child support, without any finding that the fees and costs actually are necessaries or child support. *See* Tex. Fam. Code Ann. § 157.167(a). Giving trial courts discretion to enforce attorney's fees awards as if they were child support is not duplicative of discretion to determine that attorney's fees are child support because they are necessaries for the benefit of the children.

Under section 157.167(b), if the trial court finds that a respondent to a motion for enforcement has failed to comply with the terms of an order regarding possession of or access to a child, the trial court must order the respondent to pay the movant's reasonable attorney's fees and court costs. *See id.* § 157.167(b). If the trial court finds that the enforcement of the order in question was necessary to ensure the child's physical or emotional health or welfare, then the trial court has the authority to enforce this order of fees and costs by any means available for the enforcement of child support except for income withholding, but the trial court is not required to use these means of enforcement. *See id.*; *Iliff*, 339 S.W.3d at 81 (holding that "may" as used in section 154.066 gave the trial court authority or permission). In contrast to the trial court's authority in section 157.167(a), under section 157.167(b) the trial court only has the authority to enforce the fees and costs if the court makes the required finding, and, even then, the trial court does not have the authority to enforce these fees and costs by means of income withholding.

16

*See* Tex. Fam. Code Ann. § 157.167(a),(b). There is nothing in the text of section 157.167(b) that suggests any intent by the Legislature to restrict the circumstances under which trial courts may find that attorney's fees are necessaries for the benefit of the children under other statutes (such as sections 151.001, 154.001(a), and 156.401).[8] *See id.* § 157.167(b).

In pertinent part, section 106.002, entitled "Attorney's Fees and Expenses," reads as follows:

> (a) In a suit under this title, the court may render judgment for reasonable attorney's fees and expenses and order the judgment and postjudgment interest to be paid directly to an attorney.

> (b) A judgment for attorney's fees and expenses may be enforced in the attorney's name by any means available for the enforcement of a judgment for debt.

Tex. Fam. Code Ann. § 106.002 (West 2008). Under this statute, a court has the authority to render judgment for reasonable attorney's fees and expenses, and the court has the authority to render judgment in favor of the attorney. *See id.* § 106.002(a). For the purposes of this opinion, it is presumed for the sake of argument that section 106.002(b) applies to judgments for attorney's fees in favor of either a party or an attorney. Under this statute, the trial court has the authority to enforce a judgment for attorney's fees by any means available for the enforcement of a judgment for debt, but the trial court is not required to use these means of enforcement. *See id*. § 106.002(b); *Iliff*, 339 S.W.3d at 81. The courts in the *Moers* line of cases and our dissenting colleagues rely upon section 106.002(b) for the proposition that judgments for attorney's fees under the Family Code are debts rather than child support unless a provision of the Family Code states otherwise. *See In re Moers*, 104 S.W.3d at 612. Under section

---

[8] If a trial court finds attorney's fees for enforcement of an order for possession of or access to a child to be necessaries for the benefit of the child and awards them as additional child support, it may be that section 157.167(b) would prohibit the trial court from enforcing this order by means of income withholding. In any event, this issue is not before the court today.

17

106.002(b), the Legislature simply permits judgments for attorney's fees to be enforced by the means available for enforcing a judgment for debt; the statute does not state that such a judgment is a judgment based upon a debt. *See* Tex. Fam. Code Ann. § 106.002(b). Indeed, one of the remedies that the Legislature has provided for unpaid child support is rendition of a money judgment for child-support arrearages, which judgment "may be enforced by any means available for the enforcement of a judgment for debts." *See id*. § 157.264(a) (West Supp. 2010). Just as the enforcement remedies provided in section 157.264(a) do not make past-due child support a debt, the provision of the same remedies in section 106.002(b) does not mean an order that a party pay attorney's fees must be a debt and cannot be child support under the necessaries rule. *See id*. §§ 106.002(b), 157.264(a). Nothing in the language of section 106.002 reflects any intent by the Legislature to limit the circumstances under which trial courts may find that attorney's fees are necessaries for the benefit of the children under other statutes (such as sections 151.001, 154.001(a), and 156.401). *See id.* § 106.002.

In pertinent part, section 158.0051 reads as follows:

(a) In addition to an order for income to be withheld for child support, including child support and child support arrearages, the court may render an order that income be withheld from the disposable earnings of the obligor to be applied towards the satisfaction of any ordered attorney's fees and costs resulting from an action to enforce child support under this title.

Tex. Fam. Code Ann. § 158.0051 (West 2008). Under section 158.0051(a), in addition to rendering an order for income to be withheld for child support, the trial court may render an order that income be withheld from the disposable earnings of the obligor to be applied towards the satisfaction of any attorney's fees and costs that an obligor was ordered to pay in an action to enforce child support, but the trial court is not required to order income withholding as to these enforcement fees. *See id*.; *Iliff*, 339 S.W.3d at 81. Nothing in the language of section 158.0051(a) reflects any intent by the Legislature to limit the circumstances under which a trial court may find that a parent should pay

18

attorney's fees as additional child support because these fees are necessaries for the benefit of the parent's children under other statutes, such as sections 151.001, 154.001(a), and 156.401. Indeed, section 158.0051(a) expressly refers to the trial court's authority to order income withholding for child support. *See* Tex. Fam. Code Ann. § 158.0051(a). Our dissenting colleagues discuss section 158.0051(a) without mentioning this part of the statute. *See post* at pp. 4–5. They suggest that this statute indicates that a trial court cannot order a parent to pay attorney's fees in a non-enforcement modification suit as additional child support. *See id.* This construction conflicts with statutes permitting a trial court in a non-enforcement modification suit to order a parent to pay reasonable attorney's fees as child support based upon the parent's duty to pay for the children's necessaries. *See* Tex. Fam. Code Ann. §§ 151.001, 154.001, 155.003, 156.401. This construction also conflicts with the statute allowing a trial court in a non-enforcement modification suit to determine that reasonable attorney's fees awarded to an amicus attorney, attorney ad litem, or guardian ad litem are necessaries for the benefit of the child. *See* Tex. Fam. Code Ann. § 107.023(d).

The parties have not cited and research has not revealed any part of the Family Code in which the Legislature prohibits trial courts from finding that attorney's fees are necessaries for the benefit of the children under statutes such as sections 151.001, 154.001(a), and 156.401. The courts in the *Moers* line of cases do not address sections 151.001, 154.001(a), or 156.401(a), and these courts base their analysis upon the false premise that the Legislature restricted the taxation of fees as child support to the enforcement context.[9] *See In re M.A.F.*, 2010 WL 2178541, at *9; *In re A.S.Z.*, 2008 WL 3540251, at *1; *Naguib*, 183 S.W.3d at 547–48; *Finley*, 154 S.W.3d at 199; *In re J.C.K.*, 143 S.W.3d at 143; *In re Moers*, 104 S.W.3d at 611–12. *See id.* By urging the adoption of this analysis of sections 106.002, 157.167, and 158.0051, Ross is effectively asking this court to supplant the policy choice of the people's elected representatives in favor of a more restrictive rule. The role of the court is to apply the statute as written. *See Iliff*,

_____

[9] None of the cases cited by our dissenting colleagues address these statutes. *See post* at p. 15.

19

339 S.W.3d at 79. Any policy changes regarding the Family Code should come from the Capitol, not the courthouse. *See id.*

In enacting the Family Code, the Legislature did not impose the restriction that the courts in the *Moers* line of cases have adopted; instead, the Texas Legislature placed broad discretion in the courts of continuing jurisdiction to order a parent to pay attorney's fees as child support in appropriate cases, whether in the enforcement context or not. *See* Tex. Fam. Code Ann. §§ 151.001, 154.001(a), 156.401. There is no sound reason to overrule *Hardin* and *In re J.A.D.*[10] and to replace them with a rule that is not congruent with the statutory scheme or grounded in the statutory text. *See In re J.A.D.*, 2010 WL 2649961, at \*1–4; *Hardin*, 161 S.W.3d at 25–26.

### 4. Caution in the trial court's exercise of its contempt power is not relevant to the determination of whether the trial court has the authority to order the children's father to pay attorney's fees as additional child support.

The *Moers* court reasoned that "a trial court should exercise its contempt power with caution" and that "because of this widely accepted principle, we have sought to limit any extension of the 'duty to support' to services and costs required for enforcing child support." *In re Moers*, 104 S.W.3d at 612. Our dissenting colleagues employ similar reasoning. *See post* at p. 7. In *Moers*, the trial court had not exercised its contempt power, and the trial court in the case under review has not exercised this power to enforce its order that Ross pay the attorney's fees at issue in this appeal. *See id.* at 611–12. Therefore, the principle that the trial court should exercise its contempt power with caution was not relevant in *Moers* and is not relevant in the case under review. The

---

[10] Our dissenting colleagues conclude that *In re J.A.D.* is not on point. But in *In re J.A.D.*, this court concluded as follows:

> We cannot say the trial court acted arbitrarily or unreasonably or disregarded guiding rules and principles in ordering [father] to pay [mother's] attorney's fees as child support. Each of the issues raised by [father] and [mother] were directly related to J.A.D.'s welfare and best interests, thus making [mother's] attorney's fees "necessaries" for J.A.D.'s support. This allowed the trial court to assess [mother's] attorney's fees as 'necessaries' against [father].

*In re J.A.D.*, 2010 WL 2649961, at \*4 (citations omitted).

unambiguous language of the relevant statutes gives the trial court the authority to order Ross to pay attorney's fees as additional child support in the context of a non-enforcement modification suit. *See* Tex. Fam. Code Ann. §§ 151.001, 154.001(a), 156.401. This authority is not affected one iota by the principle that trial courts should exercise their contempt power with caution. A trial court may exercise its authority to order a parent to pay attorney's fees as child support under the rule of necessaries, and if the obligor fails to pay this child support, then the trial court should exercise caution in deciding whether to hold the obligor in contempt or to use other means of enforcement. The Supreme Court of Texas has stated clearly and consistently that holding a parent in contempt for failure to pay child support ordered by the trial court does not violate the constitutional prohibition against imprisonment for failure to pay a debt.[11] *See* Tex. Const. art. I, section 18; *Ex parte Hall*, 854 S.W.2d 656, 658 (Tex. 1993); *Ex parte Birkhead*, 95 S.W.2d 953, 954–56 (Tex. 1936). Rather than proceed "with caution," courts should readily give effect to the unambiguous language of the applicable statutes. *See Iliff*, 339 S.W.3d at 79.

### 5. Section 107.023 provides an additional basis for the trial court's authority to order payment of reasonable attorney's fees to the amicus attorney as additional child support.

Ross argues that the trial court lacked authority to order him to pay one-half of the amicus attorney's reasonable fees as additional child support. In addition to the Family Code provisions discussed above, another statute supports the trial court's authority to order Ross to pay these fees as child support. Section 107.023, entitled "Fees in Suits Other Than by Governmental Entity," provides in pertinent part as follows:

> (a) In a suit other than a suit filed by a governmental entity requesting termination of the parent-child relationship or appointment of the entity as conservator of the child . . . the following persons are entitled to reasonable fees and expenses in an amount set by the court and ordered to be paid by one or more parties to the suit:

---

[11] Ross has not asserted that any statute relating to this case is unconstitutional.

21

> (1) an attorney appointed as an amicus attorney . . . .
>
> . . .
>
> (d) The court may determine that fees awarded under this subchapter to an amicus attorney, an attorney ad litem for the child, or a guardian ad litem for the child are necessaries for the benefit of the child.

Tex. Fam. Code Ann. § 107.023 (West Supp. 2010).  Under the unambiguous language of this statute, the trial court had authority to determine that the amicus attorney's reasonable fees were necessaries for the children's benefit and to order Ross to pay the amicus attorney one-half of the amount of these fees as additional child support.  *See id*. § 107.023(d).  According to the dissenting justices, in section 107.023(d), the Texas Legislature provides only that a trial court may determine that fees awarded to an amicus attorney, attorney ad litem, or guardian ad litem are necessaries for the benefit of the child, and this determination does not mean that the attorney's fees are part of the parent's support obligation.  *See post* at p. 9–10.  But the Texas Legislature has stated in the Family Code that a parent's duty to support minor children includes a duty to provide them with necessaries.  *See* Tex. Fam. Code Ann. § 151.001(c).  In addition, the Supreme Court of Texas and this court have concluded that a parent's duty of support includes a duty to pay for the necessaries of the parent's children.  *See In re H.V.*, 252 S.W.3d at 327, n.55; *In re W.J.S.*, 35 S.W.3d at 277–278.  Under section 151.001(c) and this court's opinion in *Hardin*, a trial court's finding that attorney's fees are necessaries for the benefit of the child supports a trial court's order that a parent pay these fees as additional child support.[12]  *See* Tex. Fam. Code Ann. § 151.001(c); *Hardin*, 161 S.W.3d at 24–27; *see also In re J.A.D.*, 2010 WL 2649961, at \*4 (holding that trial court properly assessed "[mother's] attorney's fees as 'necessaries' against [father]" in case in which trial court ordered father to pay mother's attorney's fees as "child support" but did not state that the

---

[12] In the case under review, the trial court found that the fees incurred by Lizabeth and the amicus attorney are necessaries for the benefit of the children, and the trial court ordered Ross to pay Lizabeth's fees and half of the amicus attorney's fees as additional child support.

22

fees were "necessaries"). The only reasonable construction of section 107.023(d) is that a trial court has discretion to find that attorney's fees awarded to an amicus attorney, attorney ad litem, or guardian ad litem are necessaries for the benefit of the child that may be awarded as additional child support.

**6.      The *Daggett* opinion does not address the statutes at issue in this appeal.**

The *In re Moers* court and our dissenting colleagues rely upon this court's opinion in *Roosth v. Daggett*, 869 S.W.2d 634 (Tex. App.—Houston [14th Dist.] 1994, orig. proceeding). In *Daggett*, this court conditionally granted a writ of mandamus directing the trial court to vacate its show cause order for violation of a turnover order, holding that, because the relator had appealed from the turnover order, the trial court lacked contempt jurisdiction over the relator regarding alleged violations of the turnover order. *See id.* at 637. The *Daggett* court addressed issues relating to an appeal from a turnover order and the enforcement of that turnover order. *See id.* at 635–37. The *Daggett* court applied a rule of law regarding contempt jurisdiction that has since been abrogated by the Supreme Court of Texas. *See id.* at 637 (applying *Schultz v. Fifth Judicial District Court of Appeals at Dallas*, 810 S.W.2d 738, 740–41 (Tex. 1991), *abrogated by In re Sheshtawy*, 154 S.W.3d 114, 123–25 (Tex. 2004)). When this court issued the *Daggett* opinion, the Family Code did not contain the language in the second sentence of section 157.167(a) or the language in section 157.167(b) or any similar language. *See* Act of July 29, 1987, 70th Leg., 2d C.S., ch. 73, § 7, 1987 Tex. Gen. Laws 225, 229, *repealed by* Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 2, 1995 Tex. Gen. Laws 113, 282. We conclude that the *Daggett* opinion is not on point.

In any event, the *Daggett* court's discussion regarding attorney's fees does not necessarily conflict with this court's opinion in *Hardin*. The *Daggett* court stated that (1) not all attorney's fees awards are treated the same way; (2) attorney's fees may be assessed as "necessities"[13] under [predecessor of section 106.002] for enforcement of a

---

[13] Some courts use the term "necessities" instead of "necessaries."

23

child-support order; (3) such an award is incurred as child support and is enforceable through contempt; (4) attorney's fees also may be awarded for other services in suits affecting the parent-child relationship; and (5) attorney's fees "other than necessities for a child's support" are a debt and are not enforceable by contempt. *See Daggett*, 869 S.W.2d at 636–37. The *Daggett* court did not address attorney's fees in a non-enforcement modification suit, and the court did not state that attorney's fees in enforcement actions were the only fees that could be "necessities." *See id*. Indeed, the *Hardin* court cited the *Daggett* opinion. *See Hardin*, 161 S.W.3d at 26. The *Daggett* court did not discuss sections 151.001, 154.001, 156.401, or their statutory predecessors. *See Daggett*, 869 S.W.2d at 636–37. The *Daggett* court did not address whether a trial court in a non-enforcement modification suit may order a parent to pay reasonable attorney's fees as child support based upon a finding that these fees are necessaries for the children. *See id*. Contrary to the dissent, the *Daggett* opinion does not undermine our analysis.

### 7.     This court's *Hardin* precedent stands.

For the reasons stated above, we conclude that, in the Family Code, the Texas Legislature gives the trial court in a non-enforcement modification suit jurisdiction and authority to order a parent to pay reasonable attorney's fees for legal services benefitting the children as additional child support under the necessaries rule. The trial court may order such fees paid to the other parent, an amicus attorney, attorney ad litem, or guardian ad litem. We uphold the conclusion reached in *Hardin* and *In re J.A.D. See In re J.A.D.*, 2010 WL 2649961, at *1–4; *Hardin*, 161 S.W.3d at 24–27. To the extent portions of the opinions in *McCloskey* and *In re D.C.M.* are contrary, we disapprove of these portions. *See McCloskey*, 2009 WL 3335868, at *2; *In re D.C.M.*, 2008 WL 4146785, at *10.

24

**B.      Is the evidence sufficient to prove that the fees incurred by the children's mother were reasonable fees for legal services benefitting the children?**

Under his first issue, Ross also asserts that the trial court abused its discretion by ordering Ross to pay Lizabeth's attorney's fees as additional child support because (1) Lizabeth did not request this relief in her pleadings; (2) the trial court provided that postjudgment interest would accrue on its judgment at an incorrect interest rate; and (3) the evidence is insufficient to show that these fees are necessaries for the children and are reasonable.

As to the first two complaints, Ross did not raise them in the trial court, and therefore he failed to preserve error. *See Halla v. Halla*, No. 14-06-01126-CV, 2007 WL 2367600, at *3 (Tex. App.—Houston [14th Dist.] Aug. 21, 2007, no pet.) (failure to preserve error regarding lack-of-pleadings argument) (mem. op); *Wohlfahrt v. Holloway*, 172 S.W.3d 630, 639–40 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (failure to preserve error regarding postjudgment-interest-rate argument); *Hardin*, 161 S.W.3d at 23(failure to preserve error regarding lack-of-pleadings argument).

As to the third assertion, Ross initiated the suit, seeking to change the children's primary residence, and Lizabeth counter-petitioned seeking an increase in Ross's monthly child-support obligation. The trial court found that it was in the best interests of the children not to give Ross the exclusive right to designate the children's primary residence, and the trial court increased Ross's monthly child-support obligation from $1,800 to $2,200. Lizabeth submitted evidence showing that she incurred $82,375 in fees for legal services rendered in opposing Ross's modification petition and asserting her counter-petition. The evidence supports a finding that the fees incurred by Lizabeth were for legal services benefitting the children. But, to order a parent to pay attorney's fees as necessaries, there also must be evidence that the fees are reasonable. *See Hardin*, 161 S.W.3d at 24. Though Lizabeth introduced invoices showing the attorney's fees she incurred, the work performed, the hours billed, and the billing rates, the record contains no testimony as to whether the fees are reasonable. The evidence is insufficient to

25

support the trial court's finding that the $82,375 in attorney's fees are reasonable and, for this reason, the trial court abused its discretion in ordering Ross to pay these fees. *See id.* We sustain Ross's first issue to this extent.

**C.      Do the father's other complaints regarding the amicus attorney's fees have merit?**

Under his first issue, Ross also asserts that the trial court abused its discretion by ordering him to pay half of the amicus attorney's fees as additional child support because (1) the amicus attorney did not request this relief in her pleadings until an amended pleading filed during trial, without leave of court; (2) the trial court provided that postjudgment interest would accrue on its judgment at an incorrect interest rate; and (3) the amicus attorney produced no evidence that her fees were necessaries for the benefit of the children.

As to the first two complaints, because Ross did not raise them in the trial court, he failed to preserve any error. *See Halla*, 2007 WL 2367600, at *3; *Wohlfahrt*, 172 S.W.3d at 639–40; *Hardin*, 161 S.W.3d at 23. As to the third assertion, Ross has not provided any argument, analysis, or citations to show that the amicus attorney presented no evidence that her fees were necessaries and how this would constitute error by the trial court. Even construing Ross's appellate brief liberally, we cannot conclude that he has briefed these issues adequately. *See* Tex. R. App. P. 38.1(i); *Pitsenbarger v. Cytec Indus., Inc.*, No. 14-10-00474-CV, 2011 WL 1312274, at *3 (Tex. App.—Houston [14th Dist.] Apr. 7, 2011, no pet.) (mem. op.); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 337 (Tex. App.— Houston [14th Dist.] 2005, no pet.). Based upon this inadequate briefing, Ross has waived review of his third complaint. *See Pitsenbarger*, 2011 WL 1312274, at *3; *San Saba Energy, L.P.*, 171 S.W.3d at 337.

26

**D.** **Did the father preserve error in the trial court regarding the arguments he asserts in support of his contention that the trial court erred in denying the relief requested in his modification petition?**

In his second issue, Ross asserts that the trial court abused its discretion by denying the relief Ross sought in his modification petition. Under this issue, Ross asserts that (1) the trial court erred by allowing witnesses to be taken out of order during the bench trial and by taking long breaks during the bench trial, denying Ross a fair trial and resulting in an erroneous ruling; (2) the trial judge failed to pay attention during the bench trial, and did not hear or understand the evidence, denying Ross a fair trial and resulting in an erroneous ruling; and (3) the trial judge erred by conducting his own investigation into the facts when he asked his clerk to obtain information about a petition to enforce a child-support order that Ross's trial lawyer had filed in a different court against Trenton Thomas, Lizabeth's current husband, on behalf of Trenton's ex-wife.

Before this court can reverse the trial court's judgment based upon these complaints, Ross must have presented these complaints to the trial court and obtained an adverse ruling. *See* Tex. R. App. P. 33.1(a); *Kupersmith v. Weitz*, No. 14-05-00167-CV, 2006 WL 3407832, at *3 (Tex. App.—Houston [14th Dist.] Nov. 28, 2006, no pet.) (mem. op.). A review of the appellate record shows that Ross did not voice any of these complaints in the trial court or obtain rulings from the trial court. Ross has not asserted that any of these alleged errors would constitute fundamental error, nor has Ross cited any case addressing this issue. The Supreme Court of Texas has concluded that, in the context of civil appeals, fundamental error is a narrow doctrine. *See In re B.L.D.*, 113 S.W.3d 340, 350–52 (Tex. 2003). None of the alleged errors fall within the narrow scope of the fundamental-error doctrine recognized by the Supreme Court of Texas. *See id.* Therefore, fundamental error does not apply to these complaints. *See id.* We conclude

Ross failed to preserve error as to these complaints.[14]  *See Kupersmith*, 2006 WL 3407832, at *3.

Under the second issue, Ross also asserts that the trial court erred by making various comments during the bench trial that allegedly showed the trial court's purported bias or prejudice in favor of Lizabeth and against Ross or his attorney.  As to these comments, Ross was required to preserve error in the trial court by objecting when the trial court made the comments.[15]  *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam); *Elloway v. Pate*, 238 S.W.3d 882, 900 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  Ross did not object to any of the allegedly improper comments when the trial court made them.[16]  Therefore, Ross has waived this complaint by failing to preserve error in the trial court.  *See Francis*, 46 S.W.3d at 241; *Elloway*, 238 S.W.3d at 900.

We overrule the second issue.

## V. CONCLUSION

Under the unambiguous language of the applicable statutes, in a non-enforcement modification suit the court of continuing jurisdiction has the jurisdiction and authority to order a parent to pay reasonable attorney's fees for legal services benefitting the children as additional child support, based upon the parent's duty to pay for the children's necessaries.  The trial court may order such fees paid to the other parent or to a third party, such as an amicus attorney.  The reasons stated in *Moers* and the cases following it for reaching the opposite conclusion conflict with the plain meaning of the applicable

---

[14] Ross has cited no case holding that a trial judge reversibly erred by failing to pay attention during a bench trial or by failing to hear or understand evidence during a bench trial.  We express no opinion regarding this legal theory.

[15] A complaining party need not object in the trial court if any harm from the comment could not have been cured by proper instructions from the judge to the jury.  *See Francis*, 46 S.W.3d at 241; *Elloway*, 238 S.W.3d at 900.  Because the case under review involved a bench trial, this exception does not apply.  Ross does not argue otherwise.

[16] Though not required to preserve error, we note that Ross did not file a motion to recuse the trial judge.

statutes.  Accordingly, we uphold the conclusion reached in *Hardin* and *In re J.A.D*.  *See In re J.A.D.*, 2010 WL 2649961, at \*1–4; *Hardin*, 161 S.W.3d at 24–27.  To the extent other opinions of this court conflict with the analysis in this opinion, we disapprove them.

The evidence supports a finding that the fees incurred by Lizabeth were for legal services benefitting the children.  But the evidence is insufficient to support the trial court's finding that the attorney's fees that the trial court ordered Ross to pay are reasonable.  Accordingly, the trial court abused its discretion in ordering Ross to pay these fees, and to this extent, we reverse the trial court's order and remand for a determination of the amount of reasonable attorney's fees incurred by Lizabeth for legal services benefitting the children.  Because Ross has failed to preserve error or inadequately briefed the remaining complaints in his appellate brief, we overrule these challenges.  The remainder of the trial court's order is affirmed.

/s/     Kem Thompson Frost
Justice

The en banc court consists of Chief Justice Hedges and Justices Frost, Seymore, Brown, Boyce, Christopher, Jamison, and McCally.  Justice Anderson is not participating.

Justices Seymore, Brown, Boyce, and Jamison join the En Banc Majority Opinion authored by Justice Frost.  Justice Frost issues a separate En Banc Concurring Opinion in which Justices Seymore and Brown join.  Justice Jamison issues an En Banc Concurring Opinion.  Justice Christopher issues an En Banc Dissenting Opinion in which Chief Justice Hedges and Justice McCally join.