# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00833-CV

**Nathan Edward Schell, Appellant**

**v.**

**Krystal Woolery Schell, Appellee**

### FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY
### NO. 10-13778, HONORABLE BENTON ESKEW, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Nathan Edward Schell and Krystal Woolery Schell married in 2005 and divorced in November 2010 and have two children—N.S., born in August 2007, and A.S., born August 2010. During their divorce, the parties entered into an agreed conservatorship arrangement under which they were appointed joint managing conservators and Nathan was given scheduled visitation with both children. Under the divorce decree, when the parties lived more than 100 miles apart, Nathan had possession of N.S. every other weekend and certain holidays, a week in the spring, and forty-two days in the summer. Until A.S. was nine months old, Nathan had visitations on Sunday afternoons when he had N.S. and on two weekday evenings. After A.S. was nine months old, his possession increased to weekend afternoons when he had N.S., plus two weekday evenings.

In about March 2011, Nathan moved to New York City to start a new company. He filed a motion to modify seeking reduced child support and electronic communication with the children, and Krystal filed a counter-petition, asking that Nathan be required to exercise possession

of N.S. at least once a month and not to have extended summer possession unless he had exercised monthly possession for three consecutive months before summer. She also asked that Nathan be required to exercise consecutive visitations with A.S. before his possession of her could increase. The trial court held a hearing and modified the child support award and the possession order, finding that modification was in the children's best interest.[1] Nathan was named possessory conservator, and Krystal was named sole managing conservator. Nathan was granted possession of the children one weekend a month and for one week during the summer and one week after Christmas; the monthly visits must be in Texas but the summer and Christmas visits can be at Nathan's place of residence. The court required Nathan to take both children when he exercised visitation.

On appeal, Nathan contends that the trial court abused its discretion (1) in removing him as a joint managing conservator because Krystal did not request that relief and (2) in modifying and reducing his possession of the children, asserting that there was no evidence that the modifications were in the children's best interest. We affirm the trial court's order.

Nathan did not complain about the court's conservatorship decision at the hearing or file a motion for new trial,[2] and on appeal, he does not complain about the sufficiency of the evidence supporting the conservatorship decision. Thus, his complaint related to his appointment as possessory conservator, raised for the first time on appeal, is waived. *See Office of the Attorney Gen. v. Burton*, 369 S.W.3d 173, 175 (Tex. 2012) (party need can raise legal sufficiency complaint

---

[1] Nathan does not complain about the modified child support obligation on appeal.

[2] At the conclusion of the hearing, Nathan challenged the new child support obligation. The trial court responded that Nathan could file a motion for new trial or motion for rehearing, saying, "I am more than happy to take extra time to do it right," and, "I don't really care about the form as long as I have enough information to get it right."

for first time on appeal but otherwise generally must raise complaints before trial court by timely request, objection, or motion); *Tucker v. Thomas*, 405 S.W.3d 694, 712-13 (Tex. App.—Houston [14th Dist.] 2011), *rev'd in part on other grounds*, No. 12-0183, 2013 Tex. LEXIS 1035, at *4 n.1 (Tex. Dec. 13, 2013) (agreeing with court of appeals that appellant waived complaint by failing to raise it in trial court); *Bird v. Kornman*, 152 S.W.3d 154, 160-61 (Tex. App.—Dallas 2004, no pet.) (trial court granted relief not requested in pleadings, but "[t]o complain about an error in the judgment rendered, Bird was required to present the error to the trial court in a post-judgment motion such as a motion to alter or correct the judgment or motion for new trial"); *London v. London*, 94 S.W.3d 139, 151 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (complaint that trial court imposed restriction not authorized by statute was not raised in trial court and was waived).

As for Nathan's second issue, arguing that there was no evidence that the changed possession was in the children's best interest, we review the trial court's decision for an abuse of discretion, asking only whether the court had sufficient evidence upon which it could exercise its discretion. *See In re P.M.G.*, 405 S.W.3d 406, 410 (Tex. App.—Texarkana 2013, no pet.). We consider the evidence most favorable to the trial court's ruling, defer to the court's credibility and demeanor determinations, and will uphold the ruling on any legal theory supported by the evidence. *Id.* The sufficiency of the evidence is not an independent ground for reversal, but is relevant in reviewing whether the trial court abused its discretion. *Id.*

Although Nathan argues that there is no evidence that the changed schedule is in the children's best interest, the trial court heard evidence that N.S. got very upset when his father did not exercise visitation; he had difficulty readjusting when he returned from a weekend visitation; was tearful and very clingy when his mother dropped him off at school following a visitation; and

3

often did not want to speak to Nathan on the telephone. Further, Nathan had exercised very few visitation periods since moving to New York City. In March 2011, he spent half of his week-long spring break visitation with N.S. and had one afternoon visit with A.S.; in April and May, he spent a total of three weekends with N.S. and exercised no visitation with A.S.; and in June, he had spent one afternoon with A.S. and one weekend with N.S.

On this record, given the children's young ages, the evidence that N.S. was upset after weekend visitations and when Nathan missed a visitation, the infrequency of Nathan's visitations with A.S., and the extremely deferential standard of review applied in modification cases, we cannot conclude the trial court abused its discretion in determining that reducing Nathan's visitations was in the children's best interest.[3] *See id.* We affirm the trial court's order modifying the parties' conservatorship and possession arrangements.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: February 14, 2014

_____

[3] The cases cited by Nathan involve very different circumstances than those presented here. *See In re K.T.W.*, No. 05-08-01416, 2010 Tex. App. LEXIS 1487, at *4-10 (Tex. App.—Dallas Mar. 3, 2010, no pet.) (mem. op.) (no evidence to support modification; parents lived in same cities as at time of original orders, no evidence of changed circumstances or that child was suffering under original arrangements, mother admitted only change was child growing older); *In re M.M.S.*, 256 S.W.3d 470, 475-76 (Tex. App.—Dallas 2008, no pet.) (father lived in Oklahoma at time of original orders, no evidence that children were harmed by visitation in Oklahoma or at grandparents' home in Texas; only evidence of negative effect of out-of-state visits related to mother being inconvenienced during dispute over extended summer visitation).